Per Curiam.

The arbitration clause included among the conditions set forth on the reversed side of the receipt given by this carpet-cleaning company to the customer is lacking in mutuality. While the customer’s claims are required to be arbitrated, the company’s claim for money due is at its sole option litigable in the courts. Parties may, of course, expressly agree that only certain types of controversies between them shall be arbitrated. Here, however, we have a company engaged in furnishing services to retail customers unilaterally inserting an arbitration clause on the reversed side of a receipt. The customer signs it, receives a copy, and subsequently is sent a signed confirmation, which also has the printed conditions on the reversed side. But at no time is any specific reference made to the arbitration clause. Under these circumstances it cannot be said to represent a conscious agreement to limit arbitration to the customer’s claims only. It is therefore unenforcible for lack of mutuality of obligation.
We are also of the opinion that the evidence elicited was insufficient as a matter of law to establish this receipt as an agreement binding the customer to the various conditions on the reverse side. It failed to meet the essential test of showing that these conditions, particularly the clause limiting the company’s liability for negligence and this arbitration clause, had been brought to the attention of the customer.
The order should be reversed, with $10 costs, and motion denied.