423 So.2d 630 (1982)
R.W. ROBERTS CONSTRUCTION CO., INC., Etc. and the American Insurance Co., Petitioners,
v.
ST. JOHNS RIVER WATER MANAGEMENT District for the Use and Benefit of McDONALD ELECTRIC and Repair Service, Inc., and Robert R. Perry, Circuit Judge, Seventh Circuit, in and for Putnam County, Florida, Respondents.
No. 82-383.
District Court of Appeal of Florida, Fifth District.
December 22, 1982.
William A. Harmening of Stanley, Harmening, Lovett, Turner & Livingston, Orlando, for petitioners.
Joe C. Miller, II, of Clark, Miller & Shine, P.A., Palatka, for respondents.
FRANK D. UPCHURCH, Jr., Judge.
Petitioner R.W. Roberts Construction Company, Inc., the general contractor for *631 the construction of the administration building for the St. Johns River Water Management District, entered into a subcontract with McDonald Electric to do certain electrical work. Under the general contract, Roberts posted a performance and payment bond with American Insurance Company, as surety, covering payment to sub-contractors. Upon completion of the work by McDonald on October 7, 1980, Roberts refused to pay $23,721.81, the amount claimed by McDonald to be due.
On March 3, 1981, McDonald filed a complaint against Roberts seeking recovery under the bond pursuant to section 255.05, Florida Statutes (1979).
The portion of the bond which concerns us here states:
It is stipulated, understood and agreed that the payment bond provisions hereof are statutory in nature, strictly limited to the provisions of section 255.05, Florida Statutes, and all third parties claiming under the payment bond provisions hereof are limited to all procedures and requirements of section 255.05, Florida Statutes... .
On March 19, 1981, Roberts mailed to McDonald a demand for arbitration pursuant to the following provision of the subcontract:
All claims by Subcontractor against General Contractor or (sic) whatever nature which involve this subcontract or the project shall be submitted to arbitration in the same manner as provided in the General Contract unless those provisions should prove invalid for arbitration in which event the arbitration provisions of the Florida Statutes shall prevail.
The general contract provides that (1) claims must be submitted to the Architect/Engineer within thirty days from the date they arise; (2) the claim must contain certain enumerated information, including a statement of ultimate facts relevant to the claim, a concise statement of the relevant contract provisions and applicable law, and a demand for the relief sought; (3) the decision of the Architect/Engineer is final unless a petition for arbitration is filed within twenty days thereafter; (4) this petition must also contain information similar to that in the claim.
On March 20, 1981, Roberts moved the trial court for an order compelling arbitration. Also on March 20, 1981, American moved to stay the proceedings against it until after the arbitration demanded by Roberts was completed.
On February 18, 1982, the trial court entered its order denying these motions. The order stated that the arbitration clause lacked mutuality in that it did not require disputes of the contractor to be arbitrated as it did the disputes of the subcontractor. The court further found that the language of the bond required the remedy provided for by statute and that the surety was not a party to the subcontract between Roberts and McDonald.
By this petition for writ of certiorari, Roberts and American seek to quash the order denying the motion to compel arbitration and to stay proceedings. A petition for common law certiorari is appropriate for review of an order denying a motion to compel arbitration. Paine, Webber, Jackson & Curtis, Inc. v. Lucas, 411 So.2d 1369 (Fla. 5th DCA 1982); Vic Potamkin Chevrolet, Inc. v. Bloom, 386 So.2d 286 (Fla. 3d DCA 1980). A writ of common law certiorari should issue only upon a clear showing that the court below departed from the essential requirements of law resulting in petitioner's irreparable injury. United Cab Co., Inc. v. Yellow Cab Co. of Tampa, Inc., 310 So.2d 32 (Fla. 2d DCA 1975).
McDonald contends that the trial court properly found that the arbitration clause in the instant case was invalid. This argument is based on the fact that the arbitration clause only requires arbitration of claims by the sub-contractor against the general contractor but not of claims by the general contractor against the sub-contractor, the general contractor being free to litigate.
On the other hand, Roberts argues that the clause does exhibit a mutual obligation *632 in that both parties were obligated to arbitrate, but that the subject matter was limited to claims by the subcontract against the general contractor. Apparently, no cases construing such a clause have been reported in Florida.
A New York case best illustrates the position of the parties in the instant action. In Deutsch v. Long Island Carpet Cleaning Co. Inc., 5 Misc.2d 684, 158 N.Y.S.2d 876 (1956), a claim was brought against a carpet cleaning company by a customer. The company argued that a receipt given the customer bound the customer to a condition on the reverse side which called for claims of the customer to be referred to arbitration.
The Deutsch majority held that the conditions on the reverse side of the receipt lacked mutuality of obligation because the customer's claims, but not the company's, were required to be arbitrated and the company at its option was free to litigate. The court found it important that the arbitration clause was unilaterally inserted with no specific reference to it.
In dissent, Justice Hecht found that mutual obligations were imposed both on the company and the customer and that the arbitration agreement should be construed to mean that only certain types of claims should be arbitrated.
Subsequent New York courts followed the reasoning of the Deutsch majority and even extended it to include arbitration clauses where the promise to arbitrate disputes was made by both parties, but the promise of one party was illusory. In Miner v. Walden, 101 Misc.2d 814, 422 N.Y.S.2d 335 (1979), the court considered an arbitration clause wherein a patient agreed to arbitrate all her claims against her doctor and the doctor agreed to arbitrate all his claims against the patient except for money due. The Miner court, without dissent, found that a claim for money would be the doctor's only claim, and held the arbitration clause to be unilateral and thus invalid. The court also found the contract unconscionable. As to the lack of mutuality, the court stated:
An arbitration agreement will not be enforced unless it is `mutually binding.' Where an arbitration clause is not mutually binding, but rather grants one party a unilateral right to arbitrate, the court will not enforce such agreement. [citations omitted] The agreement [in this matter] purports to be an exchange of promises to arbitrate with each promise serving as consideration for the other. In return for the patient's consent to arbitrate all claims arising out of the medical relationship, the doctor agreed to arbitrate all claims except claims of money due for services rendered ... the only claim a doctor would have is for services rendered.
422 N.Y.S.2d at 339.
In Florida, arbitration agreements are contractual and therefore they must fulfill the requirements of a contract. 4 Fla.Jur. Arbitration and Award § 8 (1978). Mutuality of obligation is a requirement, see Sanchez v. Crandon Wholesale Drug Co., 173 So.2d 687 (Fla. 1965), although the means of enforcement may differ without necessarily affecting reciprocal obligations. Bacon v. Karr, 139 So.2d 166 (Fla. 2d DCA 1962).
In effect, Roberts is alleging that the trial court departed from the essential requirements of law in interpreting the arbitration clause as being without mutuality of obligation, instead of lacking only mutuality of remedy. Language in a contract is ambiguous when it is reasonably capable of being understood in more than one sense. Black's Law Dictionary 73 (rev. 5th ed. 1979). In the instant case, the language of the arbitration clause is ambiguous. When contract language is ambiguous, the courts should give the language a reasonable construction. Baker and Company, Florida v. Goding, 317 So.2d 118 (Fla. 3d DCA 1975). While judges may differ as indicated in Deutsch, it was not unreasonable to construe the language of the arbitration clause in the present case as showing a lack of mutuality of obligation, and therefore the order did not depart from the essential requirements of law.
*633 Mutuality of obligation pertains to the consideration. Baker. Therefore, if there were sufficient consideration to support the contract, i.e., consideration, will the arbitration clause fail if that clause lacked mutuality of obligation?
Agreements for arbitration contained in a contract are treated as separable parts of the contract. 16 S. Williston, A Treatise on the Law of Contracts, § 1919A (3d ed. 1976). In Florida, whether a contract is entire or divisible depends on the intention of the parties, and this intention may be determined by a fair construction of the terms of the contract itself and by the subject matter to which it has reference. Local No. 234 of United Assn. of Journeymen and Apprentices of Plumbing and Pipefitting Industry of United States and Canada v. Henley & Beckwith, Inc., 66 So.2d 818 (Fla. 1953). In the instant case, the arbitration agreement was collateral to the main contractual matters and the trial court did not depart from the essential requirements of law in finding the arbitration clause severable. While it is true that one consideration may support several promises, as a general statement each severable clause of a contract should have its own consideration or mutual obligation. See generally 6 S. Williston, A Treatise on the Law of Contracts, § 861 (3d ed. 1962). This is apparently the position of the New York courts. In Arcata Graphics Corporation v. Silin, 59 A.D.2d 1007, 399 N.Y.S.2d 738 (1977), the court held that the contract provision limiting a buyer to the remedy of arbitration, but not so limiting the manufacturer/seller was void for lack of mutuality, but found that the action on other portions of the contract could continue. Arcata indicates that where an arbitration clause is void for mutuality of obligation, the sufficiency of other mutual obligations and consideration within the contract will not suffice to save the void provision.
Petition for writ of certiorari is DENIED.
ORFINGER, C.J., and DAUKSCH, J., concur.