OPINION OF THE COURT
Simons, J.
Plaintiff, Thomas Sablosky, was formerly employed as a commission salesman for defendant, Edward S. Gordon Company, Inc., a New York City real estate brokerage firm. In this action, he alleges that he helped defendant sell the Exxon Building in Midtown Manhattan at a price of $610 million, and claims that he is entitled under his employment agreement to a commission of $3.6 million. Defendant has moved to stay the action and to compel arbitration, and plaintiff has made a cross motion to stay arbitration permanently. Plaintiff contends that the arbitration clause* is invalid for lack of mutuality of remedy, and that it should not be given effect as a matter of public policy because the employment agreement constitutes a contract of adhesion and is unconscionable. Supreme Court granted defendant’s motion and directed the parties to proceed to arbitration. The Appellate Division reversed and granted plaintiff’s cross motion, holding that the arbitration agreement was unenforceable for lack of mutuality of obligation. We granted defendant leave to appeal and now reverse and reinstate the judgment of Supreme Court.
The principal issue submitted is whether an employment contract, which is supported by consideration on both sides and which contains an arbitration clause compelling one party to submit all disputes to arbitration but allows the other party *136 the choice of pursuing arbitration or litigation, is invalid for lack of mutuality of remedy or obligation.
There is no dearth of authority on the subject. The Appellate Division, First Department, held almost 20 years ago that an arbitration provision granting one party the unilateral right to elect arbitration was invalid, notwithstanding that there was consideration to support the entire agreement (Hull Dye & Print Works v Riegel Textile Corp., 37 AD2d 946; Matter of Kaye Knitting Mills [Prime Yarn Co.], 37 AD2d 951). It has followed that rule ever since, with some notable exceptions, and its decisions have generally been approved and followed by the other departments (see, e.g., Cored Panels v Meinhard Commercial Corp., 72 AD2d 544 [2d Dept]; Arcata Graphics Corp. v Silin, 59 AD2d 1007 [4th Dept]).
The exceptions are to be found in Matter of Riccardi (Modem Silver Linen Supply Co.) (45 AD2d 191, affd 36 NY2d 945) and Kessner & Rabinowitz v Winchester Textiles (46 AD2d 239; see also, Aegis Prop Servs. Corp. v Mihalski, 91 AD2d 577 [affg for reasons stated by Meyers, J., at Special Term], as reported in Matter of Waldron [Goddess], 93 AD2d 706, 707, revd 61 NY2d 181). In Riccardi the employment contract provided that both parties were obligated to arbitrate all disputes arising out of the agreement except disputes involving whether the employee violated a restrictive covenant contained in the agreement. Disputes concerning the restrictive covenant could be arbitrated or litigated at the option of the employer. The Appellate Division enforced the arbitration clauses, despite their lack of complete mutuality. At the outset, it recognized that the enforceability of arbitration agreements is governed by the rules applicable to contracts generally and that contract law has abandoned the idea that to render an agreement enforceable there must be mutual promises creating identical rights and obligations in each party (45 AD2d 191, 193-194, supra). Rather than following these principles to their logical conclusion, however, and overruling Hull Dye & Print Works v Riegel Textile Corp. (supra) and Matter of Kaye Knitting Mills (Prime Yarn Co.) (supra), the court decided the case on narrower grounds, emphasizing that the parties exchanged binding promises to submit all disputes to arbitration except those relating to breach of the restrictive covenant provision, and held that it was permissible for the parties to carve out an area of potential controversy from an otherwise mutually binding arbitra *137 tion agreement and give one party the unilateral right to select the dispute resolution forum in that area.
Riccardi is the only case in which we have considered the mutuality issue in an arbitration context. We affirmed the Appellate Division, but it should not be inferred from our affirmance or our citation of the Hull Dye and Kaye Knitting decisions that we implicitly adopted a general rule requiring mutuality. Rather, we cited Hull Dye and Kaye Knitting to distinguish those cases, urged upon us for reversal, and proceeded, as did the Appellate Division, to decide no more than necessary to resolve the particular case before us (see also, Kessner & Rabinowitz v Winchester Textiles, 46 AD2d 239, supra [using a similar analysis]).
Mutuality of remedy is not required in arbitration contracts. If there is consideration for the entire agreement that is sufficient; the consideration supports the arbitration option, as it does every other obligation in the agreement. Our holding is consistent with decisions which have repudiated the necessity for mutuality of remedy in contracts (see, Walter v Hoffman, 267 NY 365, 368; Epstein v Gluckin, 233 NY 490, 493-494) and with similar views of leading commentators (Restatement [Second] of Contracts § 363, comment c, at 183 ["the law does not require that the parties have similar remedies in case of breach”]; Farnsworth, Contracts § 12.4, at 822 [speaking of the "now discredited 'mutuality of remedy’ rule”]; 5A Corbin, Contracts §§ 1178-1204; 11 Williston, Contracts § 1433, at 884 [3d ed Jaeger]). Since it is settled that the validity of an arbitration agreement is to be determined by the law applicable to contracts generally (Matter of Zimmerman [Cohen], 236 NY 15, 19), there is no reason for a different mutuality rule in arbitration cases. Moreover, recognition that mutuality of remedy is not required in arbitration is logically consistent with our recent statement in Weiner v McGrawHill, Inc. (57 NY2d 458) that "while coextensive promises may constitute consideration for each other, 'mutuality’, in the sense of requiring such reciprocity, is not necessary when a promisor receives other valid consideration” (id., at 464).
It is also noteworthy that an increasing number of jurisdictions enforce commercial arbitration clauses notwithstanding the lack of mutuality of remedies (see, LaBonte Precision v LPI Indus. Corp., 507 So 2d 1202 [Fla Dist Ct App]; Kalman Floor Co. v Jos. L. Muscarelle, Inc., 196 NJ Super 16, 481 A2d 553, affd for reasons stated below 98 NJ 266, 486 A2d 334; *138 Willis Flooring v Lease Constr. Co. & Assocs., 656 P2d 1184 [Alaska]; Becker Autoradio U.S.A. v Becker Autoradiowerk GmbH, 585 F2d 39, 47 [applying Federal law]; contra, Roberts Constr. Co. v St. John’s Riv. Water Mgt. Dist. 423 So 2d 630 [Fla Dist Ct App]).
Nor should the court refuse to enforce the clause on policy grounds. Over the last 20 years arbitration has emerged as a preferred method for the settlement of many controversies (Mobil Oil Indonesia v Asamera Oil [Indonesia], 43 NY2d 276, 281-282; Matter of Prime [Jonas], 38 NY2d 570, 574). Arbitrators customarily have an expertise over a particular subject matter and are able to offer parties a relatively expeditious and inexpensive forum to resolve their disputes. Although a party gives up an important right when it agrees to submit a dispute to arbitration, such proceedings are not less effective in discovering the truth than are judicial proceedings and it is not, as a matter of public policy, per se unfair to give one party the right to select them.
Plaintiff also relates his argument on mutuality to underlying principles of unconscionability and fairness. Indeed, some courts have invalidated unilateral arbitration clauses for want of mutuality although their decisions might as well rest on the doctrine of unconscionability or public policy (see, e.g., Deutsch v Long Is. Carpet Cleaning Co., 5 Misc 2d 684 [App Term], affd no opn 3 AD2d 1002; Dwyer v Biddle, 274 App Div 903; and see, Miner v Walden, 101 Misc 2d 814 [expressly finding clause unconscionable and against public policy]).
The doctrine of unconscionability contains both substantive and procedural aspects, and whether a contract or clause is unconscionable is to be decided by the court against the background of the contract’s commercial setting, purpose and effect (see, Wilson Trading Corp. v David Ferguson, Ltd., 23 NY2d 398, 403). Substantively, courts consider whether one or more key terms are unreasonably favorable to one party (People v Two Wheel Corp., 71 NY2d 693, 699). There is no general test for measuring the reasonableness of a transaction but we have recently provided this guidance: "[a]n unconscionable contract [is] one which 'is so grossly unreasonable or unconscionable in the light of the mores and business practices of the time and place as to be unenforcible according to its literal terms.’ ” (Gillman v Chase Manhattan Bank, 73 NY2d 1, 10, quoting Mandel v Liebman, 303 NY 88, 94.) Measured against this standard, the arbitration clause in *139 plaintiffs contract is not unreasonable as a matter of law. The real estate brokerage business, by nature, is bound to generate a substantial number of disputes. An employer, who may hire hundreds of employees, should be able to protect itself from the delays and costs of extensive litigation by including as a condition of employment an agreement by the employee to arbitrate claims rather than litigate them.
Nor do we accept plaintiffs claim that the contract is one of adhesion or that it results from procedural unconscionability in the contract formation process. Such claims are judged by whether the party seeking to enforce the contract has used high pressure tactics or deceptive language in the contract and whether there is inequality of bargaining power between the parties (Gillman v Chase Manhattan Bank, 73 NY2d 1, supra; Matter of State of New York v Avco Fin. Serv., 50 NY2d 383, 390; State of New York v Wolowitz, 96 AD2d 47, 67). Plaintiffs claim here relates almost exclusively to the fact that the employment agreement was prepared by the employer or the employer’s attorney. As noted by Supreme Court, however, almost all employment contracts are prepared by the employer; that circumstance cannot render the arbitration clause contained in the contract unconscionable.
Plaintiffs remaining claim, alleging that the arbitration panel may be biased, is premature (see, CPLR 7511, 7506).
Accordingly, the order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court, New York County, reinstated.
Chief Judge Wachtler and Judges Kaye, Alexander, Ti-tone, Hancock, Jr., and Bellacosa concur.
Order reversed, etc.

 The arbitration clause in plaintiffs employment contract provides in pertinent part: "11. ARBITRATION Employee agrees that, any dispute of any kind, nature or description, between the parties hereto with respect to, relating to or arising out of the provisions of this Agreement, shall at the Company’s election, which election may be made at any time prior to the commencement of a judicial proceeding by the Company, or in the event instituted by the Employee at any time prior to the last day to answer and/ or respond to a summons and/or complaint made by the Employee, be submitted to arbitration before the American Arbitration Association or the Real Estate Board of New York, Inc. (at the Company’s election) in accordance with the rules then pertaining of the American Arbitration Association or the Real Estate Board of New York”.