Jerold R. HOFFMAN, Plaintiff,

v.

AARON KAMHI, INC. and Turn On, Inc., Defendants.

No. 95 Civ. 2752 (DC).

United States District Court, S.D. New York.

March 27, 1996.

Michael R. Galina, Huntington, NY, for Plaintiff.

Ruskin, Moscou, Evans & Faltischek, P.C. by Mark S. Mulholland, Mineola, New York, for Defendants.

## MEMORANDUM DECISION

CHIN, District Judge.

In this employment discrimination case, defendants Turn On, Inc. ("Turn On") and Aaron Kamhi, Inc. ("AKI") move to compel arbitration and to dismiss the complaint or stay these proceedings pending arbitration. Although the parties raise a host of issues, only two need be addressed: (1) whether the arbitration clause in plaintiff's employment contract is enforceable, and (2) if so, whether the scope of that agreement encompasses his discrimination claims.

Defendants' motion is denied. Although the courts have held that employment discrimination claims are arbitrable, the arbitration clause in plaintiff's employment contract is ambiguously phrased and fails to make specific reference to discrimination claims. Moreover, the statutes on which plaintiff now sues did not even exist at the time he entered into the contract, and plaintiff could not have intended to waive his rights under laws that were not yet in existence. Hence, I hold that the arbitration clause does not cover plaintiff's claims.

## BACKGROUND

Turn On employed plaintiff Jerold Hoffman ("Hoffman" or "plaintiff") from March 1986 until January 3, 1994. At the time he was hired, Hoffman signed an employment contract that contained the following arbitration clause:

> Any claim or controversy arising among or between the parties hereto pertaining to the Corporations and any claim or controversy arising out of or respecting any matter contained in this Agreement of any difference as to the interpretation of any of the provisions of this Agreement shall be settled by arbitration.... The award of the arbitrators shall be final and binding and judgment may be entered thereon in any Court of competent jurisdiction.

Hoffman now sues Turn On and AKI as Turn On's principal alleging that defendants violated the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq.*, and the Family and Medical Leave Act (the "FMLA"), 29 U.S.C. § 2601 *et seq.*

## DISCUSSION

■ The Federal Arbitration Act (the "Act") establishes a federal policy favoring arbitration. *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 225–26, 107 S.Ct. 2332, 2336–37, 96 L.Ed.2d 185 (1987); *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 510–11, 94 S.Ct. 2449, 2452–53, 41 L.Ed.2d 270 (1974). The Act requires the federal courts to enforce arbitration agreements with the same vigor that the courts enforce other contracts. *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 219, 105 S.Ct. 1238, 1241–42, 84 L.Ed.2d 158 (1985). Once a court is satisfied that an arbitration agreement is valid and the claim before it is arbitrable, it must stay further judicial proceedings and order the parties to proceed to arbitration. *Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional De Venezuela*, 991 F.2d 42, 45 (2d Cir.1993), *citing Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 844 (2d Cir.1987). Moreover, the court must enforce an arbitration agreement even if the party opposing arbitration raises a claim based on a federal statutory right, assuming that party has in fact agreed to arbitrate such claims. *McMahon*, 482 U.S. at 226, 107 S.Ct. at 2337; *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626–27, 105 S.Ct. 3346, 3353–54, 87 L.Ed.2d 444 (1985).

■ Here, Hoffman agreed to arbitrate with Turn On when he signed the employment contract. Accordingly, I must determine (1) whether that agreement is enforceable; and (2) if so, whether its scope encompasses Hoffman's employment discrimination claims under the ADA and the FMLA. *Genesco*, 815 F.2d at 844; *Maye v. Smith Barney, Inc.*, 897 F.Supp. 100, 105–06 (S.D.N.Y.1995). I conclude that while the arbitration agreement is enforce-

able, it does not encompass Hoffman's discrimination claims.[1]

### 1. *Enforceability of the Arbitration Clause*

Plaintiff argues that Turn On and AKI cannot enforce the arbitration agreement because (1) the agreement is void as a matter of contract law; (2) defendant AKI is not a party to the agreement; and (3) the agreement no longer binds the parties. I find that none of these allegations is a basis to refuse to enforce this arbitration agreement.

 Under New York law, a contract is unenforceable if its terms are grossly unreasonable or unconscionable " 'in light of the mores and business practices of the time and place it is made.' " *Sablosky v. Gordon Co., Inc.,* 73 N.Y.2d 133, 138, 538 N.Y.S.2d 513, 517, 535 N.E.2d 643, 647 (1989) (*citing Gillman v. Chase Manhattan Bank,* 73 N.Y.2d 1, 10, 537 N.Y.S.2d 787, 791, 534 N.E.2d 824, 828 (1988)). In *Sablosky,* the New York Court of Appeals rejected the contention that an arbitration clause in an employment agreement was unconscionable simply because the employer drafted it. *Sablosky,* 73 N.Y.2d at 138–39, 538 N.Y.S.2d at 517, 535 N.E.2d at 646–47. The court found that such a clause was a reasonable means by which an employer could seek to protect itself from protracted litigation. *Id.* The fact that the employer prepared the contract was insufficient to show unconscionability absent evidence that the employer used pressure tactics, fraud, or other means of coercion to extract the employee's promise to arbitrate. *Id.*

 Here, plaintiff makes no allegation that Turn On coerced him into agreeing to arbitrate. He predicates his claim of Turn On's unfair bargaining power solely on the fact that it was his prospective employer. This bare allegation, however, does not render Turn On's arbitration agreement unenforceable under New York law.

 Plaintiff also alleges that AKI cannot enforce the arbitration agreement because it is not a signatory to the agreement. A non-signing party can be contractually bound to an arbitration agreement, however, as ordinary contract principles determine who an arbitration agreement binds. *Fisser v. International Bank,* 282 F.2d 231, 233 (2d Cir.1960). A non-signatory to an arbitration agreement may benefit from that agreement where the legal basis for, and the factual context of, the claims alleged against the non-signatory are the same as the claims alleged against the signatory where the non-signatory is the disclosed agent or principal of the signatory. *Roby v. Corporation of Lloyd's,* 996 F.2d 1353, 1360 (2d Cir.1993), *cert. denied,* 510 U.S. 945, 114 S.Ct. 385, 126 L.Ed.2d 333 (1993).

 Accepting plaintiff's allegation that Turn On is either a subsidiary or sub-division of AKI as true for purposes of this motion, Turn On was AKI's agent and therefore it bound AKI to plaintiff's employment contract. Accordingly, AKI is entitled to benefit from the arbitration agreement even though AKI did not sign it.

 Finally, plaintiff alleges that the employment contract that he signed was superseded by an employee handbook that AKI subsequently issued to him. AKI states in the handbook, however, that it is not a contract and that any written contract must be authorized and approved by the employee's specific employer. Plaintiff had entered into just such a formal contract with Turn On.

---

**1.** As a preliminary matter, plaintiff opposes defendants' motion to compel arbitration on the ground that the FAA exempts all employment contracts within Congress's power under the Commerce Clause. The FAA provides that it does not apply to "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. The Second Circuit has narrowly construed the FAA as exempting only employees directly involved in or closely related to the physical movement of goods in interstate commerce. *Erving v. Virginia Squires Basketball Club,* 468 F.2d 1064, 1069 (2d Cir.1972); *Signal–Stat Corp. v. Local 475,* 235 F.2d 298 (2d Cir. 1956), *cert. denied,* 354 U.S. 911, 77 S.Ct. 1293, 1 L.Ed.2d 1428 (1957); *see also Maye v. Smith Barney, Inc.,* 897 F.Supp. 100, 105 (S.D.N.Y. 1995). Plaintiff does not fall within this narrow exclusion. He was employed at the time of his discharge as a production manager, a job that is not directly related to physically moving goods in interstate commerce.

Accordingly, on the present record, I hold that the handbook did not supersede plaintiff's original employment contract.

## 2. Scope of the Agreement

Plaintiff contends that the arbitration clause does not extend to his claims under the ADA and the FMLA. I agree that this arbitration agreement is not sufficiently broad to encompass plaintiff's federal statutory claims.

 While the scope of an arbitration agreement must be read in light of Congress's policy favoring arbitration, the reviewing court must decide whether a party's claims are within the scope of the agreement. *Progressive,* 991 F.2d at 45 (citing *David L. Threlkeld & Co. v. Metallgesellschaft, Ltd.,* 923 F.2d 245, 249 (2d Cir.), *cert. dismissed,* 501 U.S. 1267, 112 S.Ct. 17, 115 L.Ed.2d 1094 (1991)). Generally, the court must broadly construe an arbitration agreement and resolve any doubts concerning its scope in favor of arbitration. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983); *Mitsubishi Motors,* 473 U.S. at 626, 105 S.Ct. at 3353–54. The Second Circuit has interpreted this mandate to require arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible to an interpretation that covers the asserted dispute." *Roby,* 996 F.2d at 1361; *Progressive,* 991 F.2d at 48.

 A party cannot be bound to an arbitration agreement, however, if he or she did not actually agree to submit his or her specific claim to arbitration. *AT & T Technologies v. Communications Workers of Am.,* 475 U.S. 643, 648, 106 S.Ct. 1415, 1418,

89 L.Ed.2d 648 (1986). The issue before this Court, then, is not whether an employee may agree to arbitrate employment discrimination claims.[2] Rather, the issue presented is whether this particular employee, by signing Turn On's employment contract, waived his statutory remedies under the ADA and FMLA.

The Ninth Circuit has held that "Congress intended there to be at least a knowing agreement to arbitrate employment disputes before an employee may be deemed to have waived the comprehensive rights, remedies, and procedural protections prescribed" in the civil rights statutes. *Prudential Ins. Co. of Am. v. Lai,* 42 F.3d 1299, 1305 (9th Cir.1994); *see also Block v. Art Iron, Inc.,* 866 F.Supp. 380, 386 (N.D.Ind.1994) ("ADA's legislative history very strongly suggests that ADA claims may not be arbitrated in the absence of an express, voluntary waiver of the right to assert the claim in the courts").[3] In this District, those judges who have had the opportunity to confront this issue have ordered arbitration where language in the arbitration agreement placed the employee plaintiff on notice that he or she was waiving his or her right to bring employment discrimination claims in the federal courts. *See Maye,* 897 F.Supp. at 107 (arbitration agreement referred to "employment disputes," which was specifically defined to include claims under Title VII and other employment statutes; court held that the agreement signed "could not have done more to put [plaintiffs] on notice" that they were waiving their right to bring employment discrimination claims in federal court); *DeGaetano v. Smith Barney, Inc.,* No. 95 Civ. 1613, 1996 WL 44226, at *5 (S.D.N.Y. Feb. 5, 1996) (arbitration agree-

2. Generally, federal employment discrimination claims are arbitrable. *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 35, 111 S.Ct. 1647, 1656–57, 114 L.Ed.2d 26 (1991) (ADEA claims arbitrable); *Maye,* 897 F.Supp. at 109–10 (Title VII claims based on sexual harassment arbitrable); *Hall v. MetLife Resources,* No. 94 Civ. 0358, 1995 WL 258061, at *3 (S.D.N.Y. May 3, 1995) (Title VII claims based on gender and/or race arbitrable).

3. Indeed, Congress has explained that the decisions to arbitrate claims arising under the ADA should be made knowingly, stating:

> It is the intent of the conferees that the use of these alternative dispute resolutions is completely voluntary. Under no condition would an arbitration clause in a collective bargaining agreement or employment contract prevent an individual from pursuing [his or her] rights under the Americans with Disabilities Act.

Report of Conference Committee on Americans with Disabilities Act: Joint Explanatory Statements, H.Conf.Rep. No. 596, 101st Cong., 2d Sess. (1990), *reprinted in* 1990 U.S.C.C.A.N. 267, 598.

ment referred to "employment disputes," which was defined specifically to include claims under Title VII and other employment statutes); *cf. Hall v. MetLife Resources,* No. 94 Civ. 0358, 1995 WL 258061, at *3–4 (S.D.N.Y. May 3, 1995) (holding that the Supreme Court in *Gilmer* unambiguously held that an employee who executes a Form U–4, which states that "I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm," is bound to arbitrate statutory discrimination claims).

██ In the present case, the arbitration clause did not put plaintiff on notice that he was waiving his right to pursue claims of employment discrimination in federal court. Indeed, the arbitration clause is poorly worded and ambiguously phrased. It states that "any claim or controversy among or between the parties hereto *pertaining to the Corporations* ... or respecting any matter contained in this Agreement of any difference *as to the interpretation of any of the provisions of this Agreement*" is subject to binding arbitration. (Emphasis added). Hence, the agreement does not provide for the arbitration of any and all disputes arising from the agreement, but only disputes "pertaining to the Corporations" or "respecting ... the interpretation of any of the provisions" of the Agreement. The phrase "pertaining to the Corporations" is unclear and none of the provisions of the agreement makes reference to the civil rights statutes or to discrimination claims generally. Nor does the agreement make any reference to termination other than to provide that it may be terminated on two weeks notice. Accordingly, the clause contains no language that would have reasonably notified plaintiff that he was waiving his right to litigate federal employment discrimination claims in federal court.

Finally, when plaintiff entered into the agreement in 1986, almost eight years before his claims arose, the ADA and the FMLA did not even exist. Given the absence of any language referring to employment discrimination claims generally, it cannot be said that the parties intended the arbitration clause to encompass plaintiff's claims under the ADA or the FMLA. Accordingly, I find that Turn On's arbitration clause is not susceptible to an interpretation that would include these claims.

## CONCLUSION

Defendant's motion to compel arbitration of plaintiff's claims under the ADA and the FMLA is denied.

SO ORDERED.