15-2196-cv
*Wengryn v. Provisions Consultants Corp.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand sixteen.

PRESENT:    JON O. NEWMAN,
                    JOSÉ A. CABRANES,
                    SUSAN L. CARNEY,
                                *Circuit Judges.*

---

PETER WENGRYN, LAILA SAYAD, GERRY LOUW,

        *Plaintiffs-Appellees,*                                     15-2196-cv

        v.

PROVISIONS CONSULTANTS CORPORATION,

        *Defendant-Counter-Defendant-Appellant,*

AMERICAN BUSINESS CONSULTANT GROUP
HOLDING, LLC,

        *Defendant-Counter-Claimant-Counter-Defendant-Appellant.* [*]

---

**FOR PLAINTIFFS-APPELLEES:**                     Valerie Fasolo, Bell, Shivas & Fasolo,
                                                                       P.C., Rockaway, NJ.

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

**FOR DEFENDANTS-APPELLANTS:**                 Eric M. Creizman, Creizman LLC, New York, NY.


Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.


Defendants-appellants American Business Consultant Group Holding, LLC ("ABC Group") and Provisions Consultants Corporation (together, "defendants") appeal from an August 25, 2015 judgment of the District Court, which granted summary judgment for plaintiffs-appellees ("plaintiffs") on their breach-of-contract claim.[1] On appeal, defendants argue that the District Court lacked subject-matter jurisdiction over this action, and that, if it did have jurisdiction, the District Court erred in finding that no genuine issues of material fact existed as to defendants' affirmative defenses or the unconscionability of plaintiffs' contracts. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We begin with subject-matter jurisdiction.[2] The complaint asserted federal jurisdiction based on alleged violations of the Fair Labor Standards Act ("FLSA") as to one plaintiff, Peter Wengryn ("Wengryn"). Defendants argue that Wengryn's putative FLSA claims were "wholly insubstantial and frivolous" and therefore insufficient to confer federal jurisdiction. We disagree. Although "[s]imply raising a federal issue in a complaint will not automatically confer federal question jurisdiction," *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002), "[d]ismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy," *Steel Co. v. Citizens for*

---

[1] Defendants initially filed a notice of appeal on July 8, 2015, from the District Court's Corrected Opinion and Order of June 8, 2015. That order, however, was not an appealable final judgment. *See Gold v. N.Y. Life Ins. Co.*, 730 F.3d 137, 144 n.4 (2d Cir. 2013). Defendants filed an amended notice of appeal on September 16, 2015, from the District Court's judgment of August 25, 2015.

[2] The District Court noted its "concerns" regarding its subject-matter jurisdiction but considered it "inefficient" to resolve that issue before reaching the merits of plaintiffs' claims. *Wengryn v. Am. Bus. Consultant Grp. Holding, LLC*, No. 13-CV-4556 KBF, 2015 WL 3604221, at *1 (S.D.N.Y. June 8, 2015). However, "[s]ubject matter jurisdiction is a threshold question that *must* be resolved before proceeding to the merits." *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (emphasis supplied) (internal quotation marks and ellipsis omitted) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998)).

*a Better Env't*, 523 U.S. 83, 89 (1998) (internal quotation marks omitted). Wengryn's FLSA claim clears this low bar. It is certainly possible that Wengryn's relationship with his former employer, ABC Group, was not covered by the FLSA, as defendants argue. But that question ultimately goes to the merits of Wengryn's claim, not the District Court's jurisdiction to decide it. *See, e.g., S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 133 (2d Cir. 2010).

We next consider defendants' argument that the District Court erred in finding that no genuine issues of material fact existed as to defendants' affirmative defenses. We reject that argument as meritless. Defendants' contracts with plaintiffs provided that, if defendants sought to terminate any plaintiff for lack of performance, defendants were required to provide a written warning and to allow for a 30-day cure period. Defendants have not produced any evidence suggesting that they satisfied this requirement, nor have they argued that compliance with the notice-and-cure provisions would have been futile, *cf. Giuffre Hyundai, Ltd. v. Hyundai Motor Am.*, 756 F.3d 204, 209–10 (2d Cir. 2014).

Finally, we reject defendants' contention that their contracts with plaintiffs were unconscionable. In general, under New York law, "a provision will be deemed unenforceable on unconscionability grounds only where it is both procedurally and substantively unconscionable when made." *NML Capital v. Republic of Argentina*, 621 F.3d 230, 237 (2d Cir. 2010) (internal quotation marks omitted). A contract is procedurally unconscionable "when there is an absence of meaningful choice on the part of one of the parties." *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 207 (2d Cir. 1999) (internal quotation marks omitted); *accord Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 121–22 (2d Cir. 2010). Defendants have offered no evidence suggesting that they lacked a meaningful choice when they voluntarily hired plaintiffs. Nor have defendants shown that the terms of their agreements with plaintiffs were "so grossly unreasonable or unconscionable in the light of the mores and business practices of the time and place as to be unenforc[ea]ble according to [their] literal terms." *Sablosky v. Edward S. Gordon Co.*, 535 N.E.2d 643, 647 (N.Y. 1989) (internal quotation marks omitted).

## CONCLUSION

We have reviewed all of the remaining arguments raised by defendants on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3