18-1960
*American Family Life Assurance Company of New York v. Baker et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand nineteen.

Present:
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> > *Circuit Judges*,
> EDGARDO RAMOS,
> > *District Judge*.\*

———————————————————————

AMERICAN FAMILY LIFE ASSURANCE COMPANY OF
NEW YORK,

> *Plaintiff-Appellee*,

> v.                                                      18-1960

FREDERICK L. BAKER, LOUIS VARELA,

> *Defendants-Appellants*.

———————————————————————

| | |
|---|---|
| For Defendants-Appellants: | DMITRY JOFFE, Joffe Law P.C., New York, NY. |
| For Plaintiff-Appellee: | LISA H. CASSILLY (David Wohlstadter, *on the brief*), Alston & Bird LLP, New York, NY. |

---

\* Judge Edgardo Ramos, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Eastern District of New York (DeArcy Hall, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED**.

Defendants-Appellants Frederick Baker and Louis Varela (together, "Appellants") appeal from the June 4, 2018 decision and order of the United States District Court for the Eastern District of New York (DeArcy Hall, *J*.) granting Petitioner-Appellee American Family Life Assurance Company of New York's ("Aflac NY") petition to compel arbitration. We review a decision to compel arbitration *de novo*. *Specht v. Netscape Comm. Corp.*, 306 F.3d 17, 26 (2d Cir. 2002). In conducting this review, we employ a "standard similar to that applicable for a motion for summary judgment," drawing "all reasonable inferences in favor of the non-moving party." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*     \*     \*

Appellants, insurance sales associates in a contractual relationship with Aflac NY, argue that the district court erred in holding that the parties entered into an enforceable arbitration agreement (the "Agreement"). The validity of the Agreement is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.* The FAA provides that "[a] written provision in . . . a contract . . . to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA is an expression of "a strong federal policy favoring arbitration as an alternative means of dispute resolution." *Hartford Accident & Indem. Co. v. Swiss Reinsurance Am. Corp.*, 246 F.3d 219, 226 (2d Cir. 2001). At the

same time, "generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements." *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 121 (2d Cir. 2010) (quoting *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)). Appellants argue that the Agreement is unenforceable because it is procedurally and substantively unconscionable under New York law (the relevant jurisdiction here).

A.      **Procedural Unconscionability**

First, Appellants argue that the Agreement is procedurally unconscionable because they allegedly lacked a meaningful choice as to the terms of the agreement and a meaningful opportunity to review that agreement before signing it. The New York Court of Appeals has held that:

> The procedural element of unconscionability requires an examination of the contract formation process and the alleged lack of meaningful choice. The focus is on such matters as the size and commercial setting of the transaction, whether deceptive or high-pressured tactics were employed, the use of fine print in the contract, the experience and education of the party claiming unconscionability, and whether there was disparity in bargaining power.

*Gillman v. Chase Manhattan Bank, N.A.*, 534 N.E.2d 824, 828 (N.Y. 1988) (internal citations omitted).

Applying the above standard, we agree with the district court's conclusion that Appellants have failed to supply sufficient evidence of procedural unconscionability. Appellants argue that they were not given adequate time to review the arbitration agreement and that they were offered the agreement in a "take-or-leave-it" fashion. But Appellants have failed to offer actual evidence of "high-pressure[] tactics" in the execution of the Agreement. *Id.* Additionally, as this Court has explained, neither the FAA nor New York law precludes the enforcement of employment contracts "which make employment conditional upon an employee's acceptance of mandatory arbitration."

3

*Ragone*, 595 F.3d at 121, 122. In other words, even if this Agreement had been offered on a "take it or leave it" basis, such negotiation would not render the Agreement procedurally unconscionable. *Id*. Moreover, the arbitration-related provisions at issue here are not "deceptive" or located "in fine print." *Gillman*, 534 N.E.2d at 828. For example, on the signature page underlined in all-capital type the Agreement states: "<u>THIS CONTRACT CONTAINS AN ARBITRATION AGREEMENT WHICH MAY BE ENFORCED BY THE PARTIES</u>." Appendix ("A") 63. Considering the many factors highlighted above, we reject Appellants' procedural unconscionability argument.

### B.     Substantive Unconscionability

Courts assessing the substantive unconscionability of an agreement consider "whether one or more key terms are unreasonably favorable to one party." *Sablosky v. Edward S. Gordon Co.*, 535 N.E.2d 643, 647 (N.Y. 1989). "[A]n unconscionable contract is one which is so grossly unreasonable or unconscionable in the light of the mores and business practices of the time and place as to be unenforceable according to its literal terms." *Id.* (internal quotation marks and alterations omitted). Appellants make three principal unconscionability arguments on appeal; (1) that the Agreement's cost-sharing provision imposes a cost-prohibitive barrier to adjudicating Appellants' claims; (2) that the Agreement is severely one-sided in Aflac NY's favor; and (3) that the Agreement's confidentiality provision renders it substantively unconscionable.

First, New York courts have rejected the proposition that cost-splitting provisions are *per se* unconscionable, instead holding that "the issue of a litigant's financial ability is to be resolved on a case-by-case basis." *Brady v. Williams Capital Grp., L.P.*, 928 N.E.2d 383, 387–88 (N.Y. 2010). Because Appellants have not put forth any evidence of their financial inability to pursue arbitration under the terms of this Agreement, their unconscionability claim predicated on the cost-

splitting provision must accordingly fail.

Second, the Agreement's confidentiality provision does not render the entire Agreement substantively unconscionable. *See, e.g.*, *Kopple v. Stonebrook Fund Mgmt., LLC*, 21 Misc. 3d 1144(A) (N.Y. Sup. Ct. 2004), *aff'd*, 18 A.D.3d 329 (1st Dep't 2005) ("While the clause requires that arbitrations 'be conducted on a strictly confidential basis[,]' it in no way inhibits a party from preparing his case.") (internal citations omitted); *see also Guyden v. Aetna, Inc.*, 544 F.3d 376, 385 (2d Cir. 2008) ("[C]onfidentiality clauses are so common in the arbitration context that [an] attack on the confidentiality provision is, in part, an attack on the character of arbitration itself.") (internal quotation marks omitted). If arbitration proceedings ultimately unfold, the parties are free to contest the enforceability of the confidentiality provision as applied to them, but that matter is distinct from the enforceability of the Agreement. *See* A. 59 (delegating "any dispute arising under or related in any way to this Agreement" to arbitration).

Finally, we are unable to determine on the record presently before us whether Appellants' argument regarding the "one-sidedness" of the Agreement has merit. *See Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 787 (2d Cir. 2003) (noting that in "the truly exceptional case . . . substantive unconscionability alone can vitiate a contractual duty" under New York law) (quoting *Gillman*, 534 N.E.2d at 829). Specifically, Appellants argue that the Agreement is substantively unconscionable because Paragraph 10.7 of the Agreement bars sales associates from pursuing certain state and federal statutory claims against Aflac NY. We have indicated in dicta that "if certain terms of an agreement served to act 'as a prospective waiver of a party's right to pursue statutory remedies, we would have little hesitation in condemning the agreement as against public policy.'" *Ragone*, 595 F.3d at 125 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 637 n. 19 (1985)). Appellants did not raise this argument in the court below,

5

however, and the district court never analyzed the provision at issue. Appellants claim that they were unable to fully develop this aspect of their unconscionability argument because the district court severely limited the length of their submissions regarding the unconscionability issue. While we respect the able judgment of the district court as to the requisite length of submissions on these issues, we believe in this instance that a more sufficient development of the record here would be appropriate, and that this argument would be better addressed by the district court in the first instance.

*　　*　　*

We have considered Appellants' remaining arguments and find them to be without merit. Accordingly, we **VACATE** the judgment of the district court and remand for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk