Olma Serv. 21 Group, LLC v Sahara Plaza LLC (2024 NY Slip Op 01612)

Olma Serv. 21 Group, LLC v Sahara Plaza LLC

2024 NY Slip Op 01612

Decided on March 21, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 21, 2024

Before: Oing, J.P., Kapnick, Shulman, Rodriguez, O'Neill Levy, JJ. 

Index No. 654424/21 Appeal No. 1899 Case No. 2023-04173 

[*1]Olma Service 21 Group, LLC, et al., Plaintiffs-Appellants,
v
Sahara Plaza LLC, Defendant-Respondent.

Garry Pogil, New York, for appellants.
Warshaw Burstein, LLP, New York (Maxwell J. Rubin of counsel), for respondent.

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered August 11, 2023, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The court correctly found that plaintiffs failed to raise an issue of fact concerning wrongful eviction from the Food Hall of The Plaza Hotel (see Barash v Pennsylvania Term. Real Estate Corp., 26 NY2d 77, 82 [1970]) or breach of contract, in light of Executive Order (A. Cuomo) No. 202.3 (9 NYCRR 8.202.3), which barred on-premises food consumption during the Covid-19 pandemic. Plaintiffs did not show that they attempted to operate on a takeout or delivery basis and were prevented from doing so by defendant, who stated the contrary in a March 2020 email to plaintiffs. Furthermore, in an email from plaintiffs to defendant in October 2020, plaintiffs stated that they would not resume paying rent until the hotel was operating at "full capacity."
Plaintiffs argue that they were an "essential business" under Executive Order 202.6. However, the guidance provided by the agency authorized to enforce the Executive Order stated that the "essential" designation only applied to restaurants with takeout/delivery, which did not include plaintiffs. RPAPL 853 is similarly inapplicable, because of the lack of evidence of a forcible eviction by defendant given the strictures imposed by the Governor's Executive Orders as a result of the pandemic.
Defendant demonstrated that under paragraph 63 of the rider to the lease, plaintiffs' damages, if any, are limited to specific performance (see Matter of Part 60 Put-Back Litig., 36 NY3d 342, 352 [2020]). Although plaintiffs contend that they did not sign the rider that contained this provision, the lease, which was indisputably signed by plaintiff, referred to a paragraph in the rider for a determination of the amount of rent. Moreover, the signatures on the lease were notarized. Plaintiffs assert that paragraph 63 of the rider is unenforceable because of the lack of mutuality of remedies between themselves and defendant. However, mutuality of remedies is not required (see e.g. Sablosky v Gordon Co., 73 NY2d 133, 137 [1989]).
With respect to the return of the equipment that plaintiffs locked in the kiosk in March 2020, defendant has stated that plaintiffs may access the premises to remove
their equipment.
We have considered plaintiffs' remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 21, 2024