NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN NETZEL; TRAVIS SMITH; ERIC LANGKAMP; NANCY LARSON, individually, and on behalf of others similarly situated, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> AMERICAN EXPRESS COMPANY, <br><br> Defendant-Appellee. | No.   23-16083 <br><br> D.C. No. 2:22-cv-01423-SMB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Argued and Submitted June 12, 2024
San Francisco, California

Before:  SCHROEDER, GOULD, and R. NELSON, Circuit Judges.

Brian Netzel, Travis Smith, Eric Langkamp, and Nancy Larson (collectively, "Appellants") appeal a grant of a motion filed by American Express Company (AmEx) to compel arbitration and dismiss Appellants' complaint.  Appellants contend the arbitration agreements are unenforceable.  Although AmEx's arbitration

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

policy includes a New York choice-of-law provision, Appellants (except for Langkamp)[1] argue that their arbitration agreements are governed by California law because New York law violates California's fundamental policy against waivers of "public injunctive relief" as set forth in *McGill v. Citibank, N.A.*, 393 P.3d 85, 93–94 (Cal. 2017). Appellants argue that AmEx's arbitration policy's "Individual Claims Only" provision waives public injunctive relief. Because such a waiver is invalid under the *McGill* rule, Appellants argue that their arbitration agreements are unenforceable under the arbitration policy's "poison pill provision."[2] Appellants (including Langkamp) also argue that their arbitration agreements are unenforceable on unconscionability grounds. We have jurisdiction under 28 U.S.C. § 1291 and affirm the district court. We conclude that New York law governs Appellants' arbitration agreements because the "Individual Claims Only" provision does not prohibit Appellants from seeking public injunctive relief, and we also conclude that Appellants' arbitration agreements are not unconscionable.

We review *de novo* a district court's order to compel arbitration and interpretation of an arbitration policy. *Patrick v. Running Warehouse, LLC*, 93 F.4th

---

[1] At oral argument, counsel for Appellants clarified that Langkamp does not contest the district court's holding that New York law governs his arbitration agreement.

[2] AmEx's arbitration policy states that it is unenforceable if "any portion" of the first subsection of the "Individual Claims Only" provision is "deemed invalid, void or unenforceable."

468, 475 (9th Cir. 2024). We review the district court's factual findings for clear error. *Id.*

1. New York law governs Appellants' arbitration agreements because its application does not violate California's *McGill* rule. We "must look to the forum state's choice of law rules to determine the controlling substantive law," and Arizona follows the Restatement Second of Conflict of Laws (Restatement) to assess the validity of choice-of-law provisions. *Lazar v. Kroncke*, 862 F.3d 1186, 1194 (9th Cir. 2017) (quoting *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1187 (9th Cir. 2001)). Under the Restatement, the law of the state chosen by the parties will not be applied if: (1) the law of a different state would be "the applicable law in the absence of an effective choice of law by the parties"; (2) that state "has a materially greater interest than the chosen state in the determination of the particular issue"; and (3) that state has a fundamental policy that is contrary to the application of the law of the chosen state. *Id.* (quoting Restatement § 187). Even if Appellants demonstrate the first two factors, they do not satisfy the third.

Applying New York law is not contrary to California's *McGill* rule because AmEx's arbitration policy does not bar Appellants from seeking public injunctive relief. AmEx's arbitration policy contains an "any remedy" clause stating that "The arbitrator shall have the authority to grant *any remedy or relief* . . . he or she deems just and equitable and which is authorized by and consistent with applicable law"

3

(emphasis added). This clause is limited by the "Individual Claims Only" provision. But the fact that claims subject to arbitration must "be submitted on an individual basis" does not prohibit Appellants from seeking public injunctive relief. As stated in *McGill*, a claim for public injunctive relief can be filed by an individual. 393 P.3d at 92–93; *see also DiCarlo v. MoneyLion, Inc.*, 988 F.3d 1148, 1156–57 (9th Cir. 2021). The "Individual Claims Only" provision states that "the arbitrator's authority to make awards is limited to awards to [the arbitral] parties alone," but California courts have held only that such provisions prohibit arbitration of public injunctive relief where they contain language further restricting the arbitrator's authority to grant relief. In *Jack v. Ring LLC*, the California Court of Appeal held that an arbitration agreement prohibited the arbitrator from awarding public injunctive relief because it provided that the arbitrator may award injunctive relief not only "on an individual basis," but also "only in favor of the individual party seeking relief and only to the extent necessary to provide relief warranted by that party's individual claim." 309 Cal. Rptr. 3d 130, 144 (Ct. App. 2023); *see also id.* at 145–46 (collecting cases addressing arbitration agreements with similar additional, specific language, including *Blair v. Rent-A-Ctr., Inc.*, 928 F.3d 819, 831 (9th Cir. 2019)). We have previously held that a provision stating, as here, that "No arbitration award or decision will have any preclusive effect as to issues or claims in any dispute with

4

anyone who is not a named party to the arbitration," does not preclude an arbitrator from awarding public injunctive relief. *Patrick*, 93 F.4th at 478.

2. Appellants' arbitration agreements are not unconscionable. Under New York law, "[a] determination of unconscionability generally requires a showing that the contract was both procedurally and substantively unconscionable when made." *Gillman v. Chase Manhattan Bank, N.A.*, 534 N.E.2d 824, 828 (N.Y. 1988). We assess Appellants' claims of procedural unconscionability for each appellant individually. First, that Smith does not recall seeing or being informed of the arbitration agreement does not establish procedural unconscionability. *Id.* at 828–29. And without more, arbitration agreements as a condition of employment are not procedurally unconscionable. *Sablosky v. Edward S. Gordon Co., Inc.*, 535 N.E.2d 643, 647 (N.Y. 1989). Second, Langkamp's arbitration agreement was not procedurally unconscionable because the district court did not clearly err in finding that he had notice of the arbitration policy before submitting his signed job application. Third, Netzel's agreement presents a closer case. But the district court's finding that Netzel received the offer letter with notice of AmEx's arbitration policy before his first day of work is plausible because the letter was dated April 9, 2010 (before Netzel's start date at AmEx of May 3, 2010) and because Netzel could have known how to report to work for his first day based on the instructions included in the letter. *See Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1196 (9th Cir. 2009).

5

Fourth, Appellants did not argue before the district court that Larson's arbitration agreement is procedurally unconscionable. Even if they had done so, they waived that argument on appeal by not raising it in their opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). Because the arbitration agreements were not procedurally unconscionable, we do not address substantive unconscionability.

AmEx has maintained that the agreement permits arbitration of appellants' claims for public injunctive relief. We agree and thus affirm with the understanding that AmEx will not take a contrary position in future arbitration. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (explaining that "[t]he doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." (citation omitted)).

**AFFIRMED.**