■  HULL DYE & PRINT WORKS, INC., Appellant, v. RIEGEL TEXTILE CORPORATION, Respondent.— Judgment of the Supreme Court, New York County, entered on July 27, 1971, denying stay of arbitration, unanimously reversed, on the law, and petitioner's application to stay arbitration is granted. Respondent-respondent shall recover of petitioner-appellant $30 costs and disbursements of this appeal. The contract contains the following provision : " (14) Any controversy arising under or in relation to the contract or any modification thereof may be settled by arbitration or by suit in any Court having jurisdiction, as the Mill shall direct. Arbitration shall be held in the City of New York in accordance with the laws of the State of New York and the rules then obtaining of the American Arbitration Association. The parties consent to the jurisdiction of the Supreme Court of the State of New York, and to the Courts of the State of Connecticut, as the Mill shall elect. Process notice of motion, or other application to the Court or a judge thereof, or any notice in connection with the arbitration proceeding may be served within or without the State of New York or Connecticut by registered or certified mail or by personal service, provided a reasonable time for appearance is allowed." Special Term denied the application for a stay of arbitration upon the ground that copies of letters annexed to respondent's papers showed that petitioner, through its attorneys, had participated in the arbitration. The clause pursuant to which Riegel sought to institute arbitration proceedings is not a contract for arbitration of controversies but rather a grant to Hull of a unilateral right to arbitrate. Neither party is required to arbitrate; Hull because the agreement gives it the option for arbitrating or litigating; Riegel because the agreement is not mutually binding and enforceable. (CPLR 7501; *King Records* v. *Brown,* 21 A D 2d 593; *Matter of Silvers,* 14 N. Y. S. 2d 820; see, also, *Dwyer* v. *Biddle,* 274 App. Div. 903; *Deutsch* v. *Long Is. Carpet Cleaning Co.,* 5 Misc 2d 684, affd. 3 A D 2d 1002.) There was no waiver by reason of participation by Hull in the arbitration. Hull neither submitted a list of arbitrators nor interposed an answer to the claim. Hull's affirmative step was in the making of a motion for a stay and this was done before the list of the proposed arbitrators was submitted or a request for an extension of time to make selection was granted. Concur — Stevens, P. J., Capozzoli, McGivern, McNally and Steuer, JJ.