■ In the Matter of the Arbitration between KAYE KNITTING MILLS, Appellant, and PRIME YARN Co., INC., Respondent.— Order, Supreme Court, New York County, entered on March 23, 1971, unanimously reversed, on the law, without costs and without disbursements, petitioner's motion to vacate the award is granted and the arbitration award vacated, and respondent's cross motion denied. Kaye Knitting Mills (Kaye) and Prime Yarn Co., Inc. (Prime) entered into negotiations for the purchase by Kaye, and sale by Prime, of a quantity of yarn. The contract, on Prime's form, dated June 10, 1968, provided for the sale of approximately 3,600 pounds at an agreed price. The face of the agreement stipulated the order "shall become a contract only when signed and delivered by the buyer to the seller [Prime] without material changes and accepted in writing by the Seller. The provisions on the reverse side hereof are part of this contract." On the reverse side it was stated "Any controversy or claim arising out of or relating to this contract or breach thereof, may be settled by arbitration *at the option of the Seller only*". (Italics ours.) The contract was not subject to cancellation "except for failure to deliver in accordance with the conditions of sale". For various reasons Kaye, by letter dated June 26, 1968, purported to cancel the contract. Prime denies receiving this letter. Kaye asserts further that it never received a signed copy of the contract, an invoice for the yarn, or indeed that any yarn under the contract was ever delivered. On or about November 15, 1968, Prime filed a demand for arbitration. On or about June 25, 1969, an award in a sum in excess of $2,000 was rendered in favor of Prime. Kaye moved to set aside the award and Prime cross-moved to confirm it. Kaye asserts, *inter alia,* it was never served with a demand specifying the nature of the claim, that there was a failure of compliance with CPLR 7501 *et seq.,* that there was no attempt at compliance with the contract by Prime. Special Term directed a trial of the issue whether a valid agreement to arbitrate existed between the parties. In a decision dated October 24. 1969, and a supplementary decision December 22, 1969, the parties were directed to settle an order. This was not done until March 22, 1971. Predicated upon the failure to settle the order within 30 days pursuant to rule 660.8 of the Supreme Court Rules for New York and Bronx Counties (22 NYCRR 660.8), Kaye urges an abandonment of the proceedings. It appears without question that a dispute exists and that there was, and is, a refusal to arbitrate. The basic question remaining for resolution is whether there is a contract to arbitrate within the meaning of the statute. Reading the arbitration provision as it appears in the contract it is evident that the parties did not mutually promise to resolve all controversies by arbitration. The power to invoke arbitration existed only at the option of the seller. No such right reposed in the buyer. It should be clearly manifest that the parties adopt arbitration as their exclusive remedy before any party should be forced into arbitration. Here the agreement to arbitrate was not mutually binding for there was no reciprocal obligation upon the seller to do so (see *Hull Dye & Print Works* v. *Riegel Textile Corp.,* 37 A D 2d 946). Because arbitration depends upon the agreement of the parties, and mutuality of the right of invocation of arbitration is not here present, Kaye is not bound by the award. Finding, as we do, that there was no valid agreement to arbitrate, we do not reach the other issues raised on appeal. Concur — Stevens, P. J., Capozzoli, McGivern, Nunez and Steuer, JJ.