KESSNER & RABINOWITZ, INC., Respondent, *v.* WINCHESTER TEXTILES, INC., Appellant.

First Department, December 17, 1974.

*Leslie H. Goldenthal* of counsel (*Ruben Schwartz & Silverberg,* attorneys), for appellant.

*Simon J. Hauser* of counsel (*Mervin Rosenman,* attorney), for respondent.

KUPFERMAN, J. It is alleged that plaintiff-respondent purchased from the defendant-appellant quantities of corduroy for processing to be held by the defendant for shipment upon call. From time to time, the plaintiff was billed and paid for the purchases. When plaintiff directed the defendant to ship to it the balance of the textiles on hand, theretofore purchased and paid for, the defendant refused, and this action was brought to recover the sums paid.

The defendant moved to stay the prosecution of the action and compel arbitration pursuant to CPLR 7503 (subd. [a]), which motion was denied at Special Term on the ground of lack of mutuality.

Unlike the situation in *Hull Dye & Print Works* v. *Riegel Textile Corp.* (37 A D 2d 946) and *Kaye Knitting Mills* v. *Prime Yarn Co.* (37 A D 2d 951) there is here a specific provision for arbitration binding on both parties, as will be found in the first sentence of the arbitration clause set forth in the dissent.

Because there are some variations, it is contended that there is a lack of mutuality, but the slight divergencies are insignificant.

The seller may determine between " the laws of the State of New York " and " the rules then obtaining of the American Arbitration Association " as to how the arbitration will be held, certainly not a significant difference.

Further, there is a 12-month limitation upon the buyer only, for the institution of arbitration. Such a reasonable limitation of time should not bar enforcement. (See *Planet Constr. Corp. v. Board of Educ. of City of N. Y.*, 7 N Y 2d 381, 385.)

Finally, it is contended that it is unfair for the seller (here the defendant-appellant) to have the right to join other parties in the arbitration. It is only natural that a fabricator of goods, in the event of a claim against it, would want to bring into the action all those in its chain of manufacture. The buyer, on the other hand, may not have the same need, but in any event there is no specific written exclusion in the agreement as to the buyer.

Arbitration, in general, being favored, there is no good cause shown why it should not be compelled in this situation. (*Matter of Weinrott* [*Carp*], 32 N Y 2d 190.)

The order of the Supreme Court, New York County (HELMAN, J.) entered September 4, 1974, denying the application for an order staying the action and compelling arbitration, should be reversed on the law, with costs to the defendant-appellant, and the action should be stayed and arbitration directed.

LUPIANO, J. (concurring). I would reverse the order of the Supreme Court, New York County, entered September 4, 1974, for the reason that the arbitration clause, paragraph 15 of the contract which is delineated in the dissent, read as a whole, does not allow to the seller the option of choosing a remedy other than arbitration in settlement of any controversy arising under or in relation to the contract between the parties. It is noted that the third sentence of the arbitration clause clearly states: " The parties consent to the jurisdiction of the Supreme Court of the State of New York, and that process, notice of motion, or other application to the Court or a judge thereof, or any notice *in connection with the arbitration proceeding,* may be served within or without the State of New York by registered or certified mail or by personal service, provided a reasonable time for appearance is allowed " (emphasis supplied).

Of further significance, paragraph 14 of the agreement provides that: " the terms and provisions of the contract shall be construed in accordance with the customs and usages of the converting industry as set forth in the Worth Street Rules,

provided, that if any provisions of this contract are inconsistent with the Worth Street Rules, then the provisions of this contract shall prevail ''. Defendant in its reply affidavit clearly showed that the Worth Street Rules favor arbitration and contain a sample memorandum of sale which provides for arbitration in language similar to that contained in the contract at issue. The invoices for the goods sold pursuant to the agreement entered into between the parties, provide for arbitration in accordance with '' the rules then obtaining of the American Arbitration Association or the General Arbitration Counsel of the Textile Industry ''. Further, these invoices declared that receipt of the goods described therein would constitute such invoices as an agreement between the parties in the absence of a purchase order. Reading all of these documents together, it is clear that the parties agreed to arbitrate with the seller having as its option, the choice of whether the Rules of the American Arbitration Association or the General Arbitration Counsel of the Textile Industry would control. Patently, these circumstances are critically distinct from those at issue in *Hull Dye & Print Works* v. *Riegel Textile Corp.* (37 A D 2d 946) and *Kaye Knitting Mills* v. *Prime Yarn Co.* (37 A D 2d 951).

STEUER, J. (dissenting). The issue on this motion is whether the arbitration clause in the contract is mutually binding. There can be no doubt that the meaning of the clause is to be determined from the agreement itself and is a question of law for the court. Special Term decided that the clause did not obligate both parties to arbitrate, and we agree.

Due to the contradictory language employed, the question is not without difficulty. The clause in its entirety reads:

'' Any controversy arising under, or in relation to this contract, or any modification thereof, may be settled only by arbitration. Such arbitration shall be held in the City of New York, in accordance with the laws of the State of New York, and the rules then obtaining of the American Arbitration Association, as the Seller may determine. The parties consent to the jurisdiction of the Supreme Court of the State of New York, and that process, notice of motion, or other application to the Court or a Judge thereof, or any notice in connection with the arbitration proceeding, may be served within or without the State of New York by registered or certified mail or by personal service, provided a reasonable time for appearance is allowed.

'' The arbitrators sitting in any controversy arising hereunder shall have no authority or power to modify or alter any express condition or provision of this contract, or to render an award

which by its terms has the effect of modifying or altering any express condition or provision including, but not limited to, the terms and conditions limiting Buyer's claims and Seller's liability to Buyer. Buyer cannot demand or institute arbitration after twelve (12) months from the date of last invoice.

"In any arbitration between the Seller and Buyer, the Seller at its election, may make all or any of its greige goods, vendors, dyers, printers, finishers, processors and carriers of any of the goods involved in the dispute as a party or parties to such arbitration."

The words "as the Seller may determine" in the first paragraph are claimed to limit the words immediately preceding, namely, what Rules of the American Arbitration Association obtained at the time of controversy. While this would seem to be a senseless interpretation, as the rules then in effect would be a matter of record not subject to legitimate dispute, the only purpose of the phrase would be to allow the seller to insist on some other set of rules. So even under this interpretation there is inequality of obligation. Special Term did not accept this meaning and held, correctly we believe, that the words leave seller an option to decide whether or not any proceeding shall be by way of arbitration. An agreement which leaves the choice of the forum to one party is unenforceable (*Hull Dye & Print Works* v. *Riegel Textile Corp.*, 37 A D 2d 946). Special Term's conclusion is buttressed by the final paragraphs of the arbitration agreement. Undoubtedly the seller, and the seller only, has the right, if there is an arbitration, to bring in other parties. While this power may be inconsequential in the present controversy, it does show that the agreement as drawn by the seller does give it advantages denied to the buyer.

CAPOZZOLI, J., concurs with KUPFERMAN, J.; LUPIANO, J., concurs in an opinion in which CAPOZZOLI, J., also concurs; STEUER, J., dissents in an opinion in which NUNEZ, J. P., concurs.

Order, Supreme Court, New York County, entered on September 4, 1974, reversed, on the law, the motion granted, the action stayed and arbitration directed. Appellant shall recover of respondent $40 costs and disbursements of this appeal.