■ In the Matter of FIREDOOR CORPORATION OF AMERICA, INC., Respondent, v R. K. & A. JONES, INC., Appellant.—Order, Supreme Court, Bronx County, entered on December 24, 1974, granting petition to compel respondent-appellant to arbitrate and enjoining it from proceeding with an action in the State of Illinois, unanimously reversed, on the law, the application denied and the petition dismissed. Appellant shall recover of petitioner-respondent $40 costs and disbursements of this appeal. Respondent-appellant purchased goods from petitioner-respondent by mail to be delivered in Illinois. On the reverse side of petitioner-respondent's purchase order it was provided: "Any and all issues or disputes of fact which may now or hereafter arise between the parties respecting the performance or breach hereof shall, upon demand of Seller upon five (5) days' written notice given to Purchaser, be determined and resolved by means of arbitration conducted under the rules and regulations of the New York Supreme Court. This provision shall in no way be interpreted to affect and/or waive Seller's rights under any or all statutes and/or laws." It is clear that this provision, pursuant to which arbitration is sought, is not a contract for arbitration of controversies binding on both parties, but rather a unilateral grant to the seller to demand arbitration. The arbitration provision, lacking binding mutuality, may not be enforced. (See *Hull Dye & Print Works v Riegel Textile Corp.,* 37 AD2d 946; *Matter of Riccardi [Modern Linen Supply Co.],* 45 AD2d 191; *and Matter of Kaye Knitting Mills [Prime Yarn Co.],* 37 AD2d 951.) It is manifestly unfair to allow the seller to elect between arbitration and court action and to deny the buyer the same right. Finding as we do, that there was no valid agreement to arbitrate, we do not reach the other issues raised on appeal. Concur—Stevens, P. J., Kupferman, Tilzer, Capozzoli and Nunez, JJ.