■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP NASH, Appellant.—Judgment, Supreme Court, New York County, rendered February 23, 1973, convicting the defendant of criminal sale of a dangerous drug in the third degree, unanimously reversed, on the law and in the interest of justice, and the matter remanded for a new trial. We reverse because of the prosecutor's improper cross-examination of the defendant, as well as his inflammatory summation to the jury. Defendant was charged with the sale to an undercover officer of 30 glassine envelopes containing heroin. At the time of his arrest, defendant was searched and white powder was found in one of his pockets. Defendant stated at the time that this was a "beat package," which is a package containing a nonnarcotic substance, sold as narcotics. A sale of such a package "beats" a purchaser out of the money paid. The discovery of the "beat package" was irrelevant to the indictment, yet on cross-examination the prosecutor dwelt on defendant's use of such packages. Clearly, the effect of such cross-examination, if not the intent, was to exhibit defendant's propensity to sell dangerous drugs and, worse yet, to pass off nonnarcotic substances as the genuine item. Such questioning is interdicted (People v Sandoval, 34 NY2d 371; People v Schwartzman, 24 NY2d 241; People v McKinney, 24 NY2d 180). In addition, the summation of the prosecutor played on the jurors' fear of crime and aroused a desire for vengeance. We have recently condemned similar tactics as inexcusable (People v Clemons, 48 AD2d 802. People v Petrucelli, 44 AD2d 58). A right sense of justice mandates reversal and remand for a new trial. Concur—Stevens, P. J., Markewich, Murphy, Lupiano and Lane, JJ.

■ LEHIGH VALLEY INDUSTRIES, INC., Respondent, v RICHARD H. GRIEBEL, Appellant.—Judgment (termed an order), Supreme Court, New York County, entered on June 30, 1975, unanimously affirmed, without costs and without disbursements. The application of the petitioner-respondent corporation for a stay of the arbitration demanded by the respondent-appellant was granted, and respondent-appellant's cross motion to dismiss the petition was denied. The appellant was an employee of the corporation, by written agreement to serve as chairman of its board of directors. Arbitration was provided for in the employment agreement at the option of the employee. While the present state of the law allows deviation to some extent from the requirement of mutuality of obligation with respect to the right of arbitration (see Matter of Riccardi [Modern Silver Linen Supply Co.] 36 NY2d 945; Kessner & Rabinowitz v Winchester Textiles, 46 AD2d 239) the option cannot be completely unilateral. (Matter of Firedoor Corp. of Amer. v R. K. & A. Jones, 47 AD2d 878; Matter of Kaye Knitting Mills [Prime Yarn Co.], 37 AD2d 951; Hull Dye & Print Works v Riegel Textile Corp., 37 AD2d 946.) Although the facts in this case lend themselves to a determination permitting arbitration at the option of the employee, on constraint we must affirm the determination at Special Term. Concur—Stevens, P. J., Kupferman, Murphy, Tilzer and Nunez, JJ.