■ ARCATA GRAPHICS CORPORATION, Appellant, v JACK SILIN, Doing Business as J.J. SILIN COMPANY, Respondent.—Order unanimously modified, in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: In this contract action the parties agreed that the Supreme Court of the State of New York has jurisdiction over all controversies arising under it, service of process to be made by registered mail. Special Term erred, therefore, in denying plaintiff's motion to strike defendant's affirmative defense that the court lacks jurisdiction of the nonresident defendant *(National Rental v Szukhent,* 375 US 311, 315–316; *Gilbert v Burnstine,* 255 NY 348). The contract provision limiting defendant buyer to the remedy of arbitration but not so limiting the plaintiff manufacturer-seller is void for lack of mutuality (see *Lehigh Val. Inds. v Griebel,* 49 AD2d

827; *Matter of Firedoor Corp. of Amer. v R. K. & A. Jones,* 47 AD2d 878; *Matter of Kaye Knitting Mills [Prime Yarn Co.],* 37 AD2d 951; *Hull Dye & Print Works v Riegel Textile Corp.,* 37 AD2d 946). Since the pleadings and supporting affidavits present questions of fact as to whether the goods were accepted, whether part of them were defective and timely returned, as to payment and as to the amount due on the contract, if anything, the court correctly denied plaintiff's motion to strike defendant's other affirmative defenses and the counterclaims and to compel arbitration. (Appeal from order of Erie Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Dillon, Goldman and Witmer, JJ.