**KARL KOCH ERECTING CO., INC., Plaintiff,**

v.

**NEW YORK CONVENTION CENTER DEVELOPMENT CORPORATION, Defendant,**

**NEW YORK CONVENTION CENTER DEVELOPMENT CORPORATION, Plaintiff,**

v.

**KARL KOCH ERECTING CO., INC. and Federal Insurance Company, Defendants.**

Nos. 86 Civ. 8943 (RWS), 86 Civ. 9055 (RWS).

United States District Court, S.D. New York.

March 19, 1987.

Max E. Greenberg, Cantor & Reiss, New York City, for New York Convention Center Development Corp.; Jerome Reiss, Joseph P. Dineen, of counsel.

Berman, Paley, Goldstein & Berman, New York City, for Karl Koch Erecting Co., Inc. and Federal Ins. Co.; Tony Berman, Roger Markowitz, Howard Burger, of counsel.

## OPINION

SWEET, District Judge.

New York Convention Center Development Corporation ("NYCCDC") has moved for relief in these related cases charging breach of contract in connection with the construction of the Jacob K. Javits Convention Center (the "Convention Center"). In 86 Civ. 9055, NYCCDC, as plaintiff, has moved to remand the action back to the Supreme Court of the State of New York, County of New York, on the grounds that 1) the parties agreed by contract that the legal forum for resolving disputes would be the state forum, and 2) the Eleventh Amendment bars suits in a federal forum against NYCCDC, a creature of the state. In 86 Civ. 8943, NYCCDC, as defendant, has moved to dismiss the action brought by Karl Koch Erecting Co., Inc. ("Koch") on these grounds and, in addition, on the ground that the prior state court action is pending. For the reasons set forth below, both motions are granted.

The facts relevant to this motion are undisputed. NYCCDC is a public benefit corporation, a subsidiary of the New York State Urban Development Corporation organized by the New York State Legislature to plan, design, construct and develop a convention center in the City of New York. NYCCDC receives its funding from both the City and the State of New York. Koch, a Delaware corporation with its principal place of business in New Jersey, is primarily engaged in the construction business, including the construction and erection of bridges, buildings and other major public structures and facilities.

On or about September 5, 1980, NYCCDC and Koch entered into a written contract wherein Koch agreed to perform certain work and services in connection with the construction of the space frame for the Convention Center. Article 30.10 of the contract, entitled "Limitations on Actions," provides in relevant part that "[n]o action or proceeding shall be commenced by Contractor [Koch] against Owner [NYCCDC] except in the Supreme Court of the State of New York, County of New York" (the "Selection Clause"). During the course of erecting the Convention Center, problems arose relating to the work performed by Koch. These contractual disputes are the subject of the two cases at present before this court.

On November 14, 1986, NYCCDC commenced an action against Koch in the Supreme Court of the State of New York, County of New York, by the service of a summons with notice claiming damages for breach of contract, breach of express and implied warranties, negligence, fraud and misrepresentation. Federal Insurance Company, Koch's performance bond surety on the project, was also named as a defend-

ant and served with the summons with notice on November 20, 1986.

On November 20, 1986, Koch commenced a separate diversity action against NYCCDC in this court, 86 Civ. 8943. On November 25, 1986, it served on NYCCDC a notice of the filing of a petition for removal and a removal bond, which removed NYCCDC's action from Supreme Court, New York County to this court, 86 Civ. 9055. Since NYCCDC had never served a formal complaint in the state court action, Koch then served NYCCDC with a notice of appearance and demand. Thereafter, NYCCDC made the instant motions. There is no suggestion that diversity jurisdiction is lacking.

Although NYCCDC has raised several issues in its motions to dismiss and remand, the dispositive issues concern the interpretation and validity of the Selection Clause. The first of those issues is whether the clause applies to Koch's removal of the state court action to federal court. While the provision that "[n]o action or proceeding shall be commenced by Contractor against Owner except in the Supreme Court ..." explicitly applies to the action filed by Koch against NYCCDC in this court, the language "commenced by Contractor against Owner" does not so clearly preclude removal by the Contractor of a state court action brought by the Owner.

The only authorities cited by the parties which explicitly address this issue are *District No. 1—Pacific Coast Dist. v. Trinidad Corp.*, 583 F.Supp. 262 (S.D.N.Y.1984), and *Pelleport Investors, Inc. v. Budco Quality Theatre, Inc.*, 569 F.Supp. 612 (D.Cal.1983), *aff'd*, 741 F.2d 273 (9th Cir. 1984). In *Trinidad Corp.*, this court held that removal was barred by virtue of a valid and enforceable forum selection clause. In so holding, the court stated that parties may contract in advance to waive their right to remove an action from state to federal court. *See id.* at 265. The language of the contract was explicit, however, providing that:

It is expressly agreed that neither the Company nor the Union will seek the removal from the courts of the State of New York to the federal courts of any such proceeding ... and both the Company and the Union hereby expressly waive their right to seek such removal or institute proceedings ... in any forum other than the courts of the State of New York.

In *Pelleport*, the court remanded a case removed by the defendant exhibitor on the basis of a forum selection clause which read: "Exhibitor expressly agrees that any and all disputes arising out of or in connection with this Agreement shall be litigated only in the Superior Court for Los Angeles, California...." Therefore, while removal was not explicitly prohibited, the language "shall be litigated only in [state court]" directly implied that result. These cases are not controlling here, since the language of the contracts were more explicit with respect to a bar to removal than that which obtains in the present case.

■ To determine the applicability of the clause at issue here to an attempt to remove, a court must construe it in light of its actual purpose, as manifested by an objective consideration of the language of the contract. *See, e.g., In re Robertson Class Plaintiffs*, 479 F.Supp. 657, 668–69 (S.D.N.Y.1979), *aff'd in part, rev'd in part*, 625 F.2d 407 (2d Cir.1980). The language "[n]o action or proceeding shall be commenced by Contractor" is necessarily aimed at preventing Koch from dragging NYCCDC into a court other than the one selected by the agreement. Whether or not the contract envisioned the possibility of NYCCDC suing in federal court, it did not permit Koch to choose a forum other than state court when initiating an action. Koch's diversity action clearly violates the Selection Clause.

■ To allow Koch to remove the action brought by NYCCDC in state court would permit Koch to choose the forum, albeit by different procedural means. The act of removing a state court action constitutes the commencement of the federal court action, and as such is covered by the Selection Clause. While a strict reading of the Selection Clause might result in the removal of the NYCCDC action with a bar to any

counterclaim by Koch, such a fragmentation of fora to resolve the issues between the parties would be contrary to the obvious intent of the clause, as well as the well-recognized purpose of Fed.R.Civ.P. 13(a). *See Southern Constr. Co. v. United States,* 371 U.S. 57, 60, 83 S.Ct. 108, 110, 9 L.Ed.2d 31 (1962); *Cyprus Corp. v. Whitman,* 93 F.R.D. 598, 604 (S.D.N.Y.1982).

▮▮▮ Koch challenges not only the applicability of the clause, but its validity as well. However, forum selection provisions are routinely enforced absent a showing that they result from fraud or overreaching, that they are unreasonable or unfair or that their enforcement would contravene some strong public policy of the forum. *See Bense v. Interstate Battery Sys. of America, Inc.,* 683 F.2d 718, 721–22 (2d Cir.1982); *Richardson Greenshields Sec., Inc. v. Metz,* 566 F.Supp. 131 (S.D.N.Y.1983); *Davis v. Pro Basketball, Inc.,* 381 F.Supp. 1 (S.D.N.Y.1974). Unreasonableness is normally gauged by:

> (1) inequality of power; (2) public policy; (3) injustice; (4) availability of remedies in the chosen forum; (5) the governing law; (6) inconvenience; and (7) conduct of the parties.

*Gaskin v. Stumm Handel GmbH,* 390 F.Supp. 361, 364 (S.D.N.Y.1975). Absent a strong showing that it should be set aside, a forum selection clause will control. *See The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972).

▮ Koch has not shown that the forum selection clause resulted from fraud or overreaching. In fact, the position that this contract between a sophisticated contractor and NYCCDC is a "contract of adhesion" is indefensible. *See Bryant Elec. Co. v. City of Fredericksburg,* 762 F.2d 1192, 1196–97 (4th Cir.1985); *Public Water Supply Dist. No. 1 v. American Ins. Co.,* 471 F.Supp. 1071 (W.D.Mo.1979). Koch has also failed to show that litigation in the Supreme Court of the State of New York, County of New York, would violate public policy, create injustice or be inconvenient. Its case against enforcement rests on the claim that a "one-sided" forum

selection clause such as this, which expressly limits only Koch to a particular forum, is unreasonable and unfair.

The parties cite no cases that address the reasonableness of a forum selection clause that limits just one party, and this court has found none. Nevertheless, it has long been the rule under New York law that an arbitration provision affecting just one party is unenforceable. *See, e.g., Cored Panels, Inc v. Meinhard Commercial Corp.,* 72 A.D.2d 544, 420 N.Y.S.2d 731 (2d Dep't 1979); *Firedoor Corp. of America, Inc. v. R.K. & A. Jones, Inc.,* 47 A.D.2d 878, 366 N.Y.S.2d 443 (1st Dep't 1975); *Kessner & Rabinowitz, Inc. v. Winchester Textiles, Inc.,* 46 A.D.2d 239, 361 N.Y.S.2d 933 (1st Dep't 1974); *Hull Dye & Print Works, Inc. v. Riegel Textile Corp.,* 37 A.D.2d 946, 325 N.Y.S.2d 782 (1st Dep't 1971). Since arbitration agreements have been likened to forum selection clauses, *see Finkle and Ross v. A.G. Becker Paribas, Inc.,* 622 F.Supp. 1505, 1511–12 (S.D.N.Y.1985), it is arguable that all forum selection clauses must be mutual to be enforceable.

By agreeing to arbitration, parties "trade the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 105 S.Ct. 3346, 3355, 87 L.Ed.2d 444 (1985). Relinquishing the right to appeal to a higher court is a substantial waiver that, should it only apply to one party, would be substantially unfair. This waiver has no counterpart in the context of choosing a state over a federal forum. The language of the contract gave Koch, a sophisticated contractor, full notice that it should expect to be able to commence an action only in New York County Supreme Court. *See Finkle and Ross, supra,* 622 F.Supp. at 1512. Since Koch knew of the contractual provision requiring it to commence suit in state court, and since NYCCDC commenced suit in that forum, it is not unfair to require Koch to litigate in the state forum.

Alternatively, given the language of the provision and NYCCDC's status as a corporation created to build the Convention Cen-

ter in New York, it is a reasonable interpretation of the contract that it requires both parties to sue in the New York State court. By commencing an action in that court, NYCCDC acted consistently with that interpretation of the provision. If NYCCDC had sued in federal rather than state court, in fact, the enforcement of the provision against Koch would seem less reasonable than enforcement that keeps all parties' claims in the New York County Supreme Court.

Because Koch has failed to make the "strong showing" required by *The Bremen, supra,* 407 U.S. at 15, 92 S.Ct. at 1916, the forum selection clause will be enforced. Therefore, NYCCDC's motions to remand and dismiss are granted.

IT IS SO ORDERED.