**BANCO MERCANTIL, S.A., Plaintiff,**

v.

**Rene HERNANDEZ ARENCIBIA, Defendant.**

**Civil No. 94–1699 (HL).**

United States District Court, D. Puerto Rico.

May 21, 1996.

Juan A. Ramos–Diaz, San Juan, PR, for plaintiff.

Edgardo L. Rivera–Rivera, San Juan, PR, for defendant.

## OPINION AND ORDER

LAFFITTE, District Judge.

Before the Court is Defendant's second motion to dismiss on the grounds of *forum non conveniens* and Plaintiff's opposition thereto. (**Dkt. Nos. 48, 53, 57**). The Court denied the first motion to dismiss on these grounds because Defendant did not present any evidence that the Dominican Republic was an adequate alternative forum and sufficiently more convenient than the Puerto Rico forum. *See* Opinion and Order, March 19, 1996, Dkt. No. 43. In his second round, Defendant has stocked his arsenal with heavier artillery. After weighing the evidence presented by both Defendant and Plaintiff, the Court finds that the Dominican Republic is an adequate, alternative forum and more convenient than the Puerto Rico forum. Consequently, the Court hereby **grants** Defendant's motion to dismiss on the grounds of *forum non conveniens.*

## DISCUSSION [1]

Only under exceptional circumstances shall this Court grant a defendant's motion to dismiss under the doctrine of *forum non conveniens.* Normally, the Court strongly favors the plaintiff's choice of forum, especially when the defendant is a domiciliary and resident of that forum. *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); *Mercier v. Sheraton Int'l, Inc.,* 981 F.2d 1345, 1354 (1st Cir.1992), *cert. denied,* 508 U.S. 912, 113 S.Ct. 2346, 124 L.Ed.2d 255 (1993). Defendant, Rene Hernandez Arencibia ("Hernandez"), appropriately points out, however, that a foreign plaintiff's choice of forum does not receive this same level of deference. *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 256, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981) ("a foreign plaintiff's choice [of forum] deserves less deference"); *Lony v. E.I. Du Pont de Nemours & Co.,* 935 F.2d 604, 609 (3d Cir.1991) (although foreign plaintiff's choice is given less deference, that choice is still entitled to "*some* weight"). Consequently, because Plaintiff is a foreign corporation, the Court shall not strongly favor its selection of the Puerto Rico forum. Rather, the Court shall accord its choice some deference.[2]

Defendant must not only overcome this slight deference toward the Puerto Rico forum but also bears the burden of demonstrating that the Dominican Republic forum is an adequate alternative choice and sufficiently more convenient than the Puerto Rico forum. *Mercier,* 981 F.2d at 1349. The Dominican Republic courts would be considered inadequate if Plaintiff could not acquire an adequate remedy there, if the courts did not permit this type of dispute, or if Plaintiff demonstrated that there were significant legal or political obstacles hindering its action there. *Id.; Piper Aircraft Co.,* 454 U.S. at 255 n. 22, 102 S.Ct. at 265 n. 22.

Hernández submits a sworn affidavit of Fausto A. Martínez Hernández ("Martínez") in support of his argument that the Dominican Republic is an adequate alternative fo-

1. For a summary of the factual and procedural background in this case, *see* Opinion and Order, March 19, 1996, Dkt. No. 43. In that Opinion and Order, the Court found that Defendant was a domiciliary and resident of Puerto Rico at the time that Plaintiff filed the instant complaint. Consequently, the Court concluded that it had diversity jurisdiction over the dispute. In addition, the Court denied without prejudice Defendant's motion to dismiss on *forum non conveniens* grounds because Defendant did not produce sufficient evidence that the Dominican Republic was an adequate, alternative forum and more convenient than the Puerto Rico forum.

2. The Court notes that there is a peculiar irony in this case. While the domiciliary of Puerto Rico, the defendant Hernández, is attempting to dismiss this case from his home forum and move it to the Dominican Republic, Plaintiff, a Dominican Republic corporation, is seeking to keep the case in Puerto Rico and away from what it claims to be a corrupt judicial system in the Dominican Republic.

rum. *See* Def.Mot., Dkt. No. 47, Ex. 1. Martínez, an attorney practicing law in the Dominican Republic for thirty-seven years, maintains that Plaintiff may acquire an adequate remedy for its allegations in the Dominican Republic. Martínez, in fact, claims that he is representing Hernández in a similar suit against Plaintiff to recover dividends. Furthermore, he states that the twenty year statute of limitations for collecting loans will not bar Plaintiff's action. Finally, Martínez asserts that there are no obstacles preventing the Dominican Republic courts from acquiring personal jurisdiction over Hernández.

Plaintiff disputes Martínez' characterization of the judicial system in the Dominican Republic. In its memorandum opposing Hernández' motion, Plaintiff argues that Martínez is making sweeping conclusory statements without any documentary support. *See* Pls.Memo, Dkt. No. 53, at 11. Moreover, Plaintiff argues that there are legal obstacles preventing it from bringing a successful lawsuit in the Dominican Republic. Plaintiff presents an affidavit of a distinguished attorney from the Dominican Republic, Ramón Tapia Espinal ("Tapia"), and numerous newspaper articles suggesting that the judicial system is corrupt. *See* Pls. Supp.Mot., Dkt. No. 57, Exs. I & II. Tapia, a legal consultant for Plaintiff in the Dominican Republic, asserts that the system is so corrupt that bribery has "turned the courts into markets where judgments are sold" and a "fair and impartial administration of justice cannot be expected." *Id.* at Ex. I. Tapia also asserts that Hernández does not have substantial assets in the Dominican Republic from which it may recover its loan.[3]

■ Hernández has satisfied his heavy burden of demonstrating that the Dominican Republic courts provide an adequate alternative forum. Plaintiff does not dispute Hernández' contention that it may seek an appropriate remedy for Hernández' alleged failure to repay a loan. Plaintiff also does not dispute that its claims are not prohibited by the statute of limitations. Finally, Plaintiff does not dispute that Hernández is amenable to process in the Dominican Republic courts. Instead, in order to dispute Hernández' claim that the Dominican Republic is an adequate forum, Plaintiff relies on its allegation that the Dominican Republic courts are corrupt.

Plaintiff supports its claim that the Dominican Republic courts are corrupt with the affidavit by Tapia and a myriad of newspaper articles and editorials discussing the alleged corruption in the Dominican Republic judicial system. Plaintiff's pronouncement is strikingly similar to an argument rejected by the Second Circuit Court of Appeals. *See Blanco v. Banco Indus. de Venezuela, S.A.,* 997 F.2d 974, 981–82 (2d Cir.1993). In *Blanco,* several parties were attempting to keep a contractual dispute in the New York forum. They argued that the Venezuela forum, the location of the housing project that spurned the contractual dispute, had a biased and corrupt judicial system. *Id.* at 981. In essence, Plaintiff is making the same argument.

In this case, as the Second Circuit similarly concluded with the Venezuela forum, however, it is anomalous for a Dominican Republic corporation to enter into a contract with an individual doing business in the Dominican Republic that is governed entirely by the laws of the Dominican Republic, and "then to argue to an American court that the [Dominican Republic] system of justice is so endemically incompetent, biased, and corrupt as to not provide an adequate forum for the resolution of such contractual disputes." *Id.*

This Court is not entirely unsympathetic to the trials and tribulations that Plaintiff may face should their allegations about the Dominican Republic judicial system turn out to be true. Unfortunately for Plaintiff, however, " '[it] is not the business of our courts to assume the responsibility for supervising the integrity of the judicial system of another

---

**3.** Tapia also accuses Defendant's attorney in the Dominican Republic, Martínez, of committing perjury. In his affidavit, Martínez swore that Defendant has filed three legal complaints against Plaintiff for the collection of dividends. Tapia contradicts Martínez' testimony. He states that Defendant is not a stockholder of Plaintiff and has never filed a lawsuit against Plaintiff to collect dividends. Tapia's allegations are contradicted, in part, by the documentary evidence in the Record. *See* Dkt. No. 29, Exs. 2, 3 & 4 (three sworn affidavits by the clerk of a Dominican Republic court stating that Defendant, through his solely owned corporation, has filed 3 separate suits in 1994 against Plaintiff).

sovereign nation.'" *Chesley v. Union Carbide Corp.,* 927 F.2d 60, 66 (2d Cir.1991) (quoting authority omitted). Moreover, if the Court held that the Dominican Republic was an inadequate forum due to the alleged corruption that plagues its judicial system, the gates to the federal courts of the United States would be wide open to a myriad of Dominican Republic disputes having no connection with the United States except for the fact that one party is domiciled in a jurisdiction within the United States. Inevitably, this would undermine the doctrine of *forum non conveniens.*

■ Having satisfied his burden of proving that the Dominican Republic forum is an adequate alternative to Puerto Rico, Hernández presented evidence that it would be immeasurably more convenient to resolve the dispute in the Dominican Republic forum. Undoubtedly, the private interest factors favor dismissing this case: (1) the relative ease of access to the sources of proof; (2) the location of the witnesses and the availability of compulsory process for the attendance of these witnesses; (3) the cost of obtaining the attendance of the witnesses; and (4) all the other practical problems that are part of a jury trial. *Gilbert,* 330 U.S. at 508, 67 S.Ct. at 843.

The sworn affidavit of Martínez as well as the witness list submitted by Hernández indicates that all the documentary evidence and the witnesses are located in the Dominican Republic.[4] The agreement which is the subject of this dispute was negotiated, written, and signed in the Dominican Republic.

Moreover, unlike the District Court of Puerto Rico, the Dominican Republic courts have the ability to compel the residents of that country to testify in court regarding the contract dispute. *See* Fed.R.Civ.P. 45(b)(2); *see also Howe v. Goldcorp Investments, Ltd.,* 946 F.2d 944, 951 (1st Cir.1991) (trial outside country where most of the witnesses and the documentary evidence were present would hinder fair resolution of the dispute). This is a critical factor supporting the dismissal of this case.[5] Finally, all the additional problems that involve a trial, including the production of documents, deposition disputes, settlement conferences, status conferences, evidentiary hearings,[6] and the transportation of witnesses, demonstrate that the Dominican Republic forum is much more convenient than the Puerto Rico forum.

Similarly, the public interest factors also demonstrate that the Dominican Republic forum is more convenient to resolve this dispute. *See Piper Aircraft Co.,* 454 U.S. at 259–260, 102 S.Ct. at 268; *Mercier,* 981 F.2d at 1354. While two public interest factors, the comparative congestion of the court dockets and fairness of imposing jury duty on Puerto Rico citizens, do not require the dismissal of this case, the two remaining public interest factors, the strong Dominican Republic interest in the dispute and the difficulty of applying Dominican Republic law, indicate that a dismissal is the proper course.

Neither party has provided the Court with a statistical comparison of the congestion of the Dominican Republic courts and the Puerto Rico courts. The Court only has knowl-

---

**4.** Plaintiff argues that Hernández' witness list is purely speculative and "abstract." Pls.Memo., Dkt. No. 53, at 13. The information in Hernández' list of twelve witnesses, frequently including their occupation and the subject-matter of their intended testimony, is far more specific than what the Supreme Court required in *Piper Aircraft Co..* As the Supreme Court pointed out, to identify of all the witnesses and describe the details of their testimony would require an extensive investigation in the Dominican Republic forum and defeat the purpose of the motion to dismiss. *Piper Aircraft Co.,* 454 U.S. at 258, 102 S.Ct. at 267.

**5.** Hernández asserts that he will defend Plaintiff's action with a fraud defense and a set off defense. Although Plaintiff argues that Hernández is just blowing smoke and has no real intention of bringing these defenses, the element of

fraud and the subjective intent of the parties when negotiating the contract that is the subject matter of this dispute provides further evidence of the importance of the witnesses' live testimony. *See Howe,* 946 F.2d at 952.

**6.** In fact, during an evidentiary hearing held by the Magistrate Judge regarding the domiciliary status of Hernández, "plaintiff's counsel attempted to continue the evidentiary hearing on the difficulty of obtaining the presence and records of a Dominican official, who could testify as to defendant's place of abode in the Dominican Republic and the fact that no mechanized system of records was available." Magistrate Report and Recommendation, Dkt. No. 31, at 9. This is further evidence of the practical litigation problems that the parties will face should this case proceed in the Puerto Rico forum.

edge of its own civil docket and, therefore, for the sake of Hernández' motion, the Court shall assume that its docket is much more efficient and less congested than the Dominican Republic courts. Normally, such an assumption would suggest that the case should remain in this forum. However, there are already three civil cases concerning a similar dispute between Plaintiff and Hernández already proceeding in the Dominican Republic courts. *See* Dkt. No. 29, Exs. 2, 3, & 4. At the very least, this would suggest that the Dominican Republic courts are not so congested that Plaintiff's claims will be delayed indefinitely. For the purposes of Hernández' motion, however, the Court finds that the congestion public interest factor favors proceeding with the case filed before this Court.

In addition, one additional public interest factor, the fairness of imposing jury duty on Puerto Rico citizens, also suggests that a dismissal is not required. Although this case involves events that took place entirely within the Dominican Republic, the domiciliary status of Hernández gives this dispute some " 'local character' " in Puerto Rico. *Mercier v. Sheraton Int'l, Inc.*, 935 F.2d 419, 430 (1st Cir.1991). The Puerto Rico jurors frequently are asked to resolve controversies that have no relation to the district of Puerto Rico other than the fact that one of the parties is a resident of the community. Consequently, in this case, Hernández' residency in Puerto Rico would not render a Puerto Rico trial about a contract negotiated and signed in the Dominican Republic unfair to Puerto Rico's jurors.

In contrast, two significant public interest factors, the strong Dominican Republic interest in this litigation and the difficulty of applying Dominican Republic law, suggest that the dismissal is warranted. Undoubtedly, there is a "local interest in having localized controversies decided at home." *Gilbert*, 330 U.S. at 509, 67 S.Ct. at 843. Plaintiff's claims against Hernández are grounded in negotiations and the signing of a contract in the Dominican Republic. The Dominican Republic, therefore, has a stronger local interest in resolving this controversy than Puerto Rico.

Furthermore, the Dominican Republic courts are more conversant and familiar with the Dominican Republic Civil Code and regulations governing contractual disputes. Unlike this Court, the Dominican Republic courts have undeniably resolved similar disputes applying the pertinent case law and commentaries written and developed there. Although this Court is not unfamiliar with applying civil law methodology to contractual disputes, this consideration does not carry sufficient weight to tip the scales in favor of Plaintiff's forum selection.[7] The familiarity of the Dominican Republic courts with the Dominican Republic law governing this dispute is an additional factor counseling in favor of dismissal.

Weighing the four private interest factors and the two public interest factors strongly favoring the dismissal of the case against the two public interest factors that favor keeping the case in this Court, the Court finds that the balance favors the dismissal of the case. No court can expect all the private and the public interest factors to lead to the same solution. The two lone factors that counsel against dismissing this case, the comparative congestion of the countries' court dockets and the fairness of imposing jury duty on Puerto Rico citizens, do not outweigh the serious logistical litigation problems posed by a trial in the Puerto Rico forum and the strong interest of the Dominican Republic forum.

Given (1) the location of the proof and the witnesses, (2) the costs associated with the litigation, (3) the practical problems associated with discovery and judicial intervention, (4) the strong local interest in resolving this controversy in the Dominican Republic, and (5) the Dominican Republic courts' more thorough understanding of the law to be applied in this case, the Court finds that the Dominican Republic forum is far more convenient than the Puerto Rico forum. Litigation in the Puerto Rico forum is so inconvenient that the dismissal of the case is necessary to avoid serious unfairness to the parties. Plaintiff can bring its suit in the Dominican

---

**7.** While Puerto Rico has a Civil Code rooted in the Spanish Civil Code, the Dominican Republic adopted the French Civil Code in 1884. *See*

*Rivera v. Flav–O–Rich*, 876 F.Supp. 373, 376 (D.P.R.1995); Martínez Aff., Dkt. No. 47, Ex. A.

Republic almost as easily as it brought the instant complaint. Consequently, the Court hereby **grants** Hernández' motion to dismiss the case on the grounds of *forum non conveniens.*

## CONCLUSION

The Court finds that there are exceptional circumstances that warrant the dismissal of this case on the grounds of *forum non conveniens.* Despite the slight deference given to the foreign Plaintiff's selection of the Puerto Rico forum, Defendant has presented sufficient evidence to demonstrate that the Dominican Republic is an adequate, alternative forum and that it would be far more convenient to litigate the dispute in the Dominican Republic forum than in the Puerto Rico forum. Consequently, the Court hereby **grants** Defendant's motion to dismiss on the grounds of *forum non conveniens.* Judgment shall be entered accordingly.

**IT IS SO ORDERED.**