**STANDARD QUIMICA DE VENEZUELA, C.A., et al., Plaintiffs,**

**v.**

**CENTRAL HISPANO INTERNATIONAL, INC. and Banco Central Hispano de Puerto Rico, Defendants.**

**Civ. No. 96–2548 (DRD).**

United States District Court, D. Puerto Rico.

Sept. 20, 1997.

Opinion Denying Reconsideration Nov. 24, 1997.

Edward M. Borges, O'Neill & Borges, Hato Rey, PR, for Plaintiffs.

Noel Gonzalez–Miranda, Gonzalez & Cestero, San Juan, PR, for Defendants.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending before the court is Defendants' Motion to Dismiss on Grounds of Forum Non Conveniens. (Docket No. 13.) Plaintiffs oppose the motion arguing that an enforceable choice-of-forum clause is applicable and, in the alternative, that Defendants have not met the standard for a *forum non conveniens* dismissal. For the reasons discussed below, the court holds that the choice-of-forum clause is applicable and, therefore, denies the motion.

## I. BACKGROUND

On January 30, 1996, Plaintiffs—foreign persons and corporations—and Defendants—corporations organized under the laws of Puerto Rico—entered into a loan and guarantee contract (the "Contract"), object of Plaintiffs' claims in this action. The Contract was negotiated, drafted and executed in Puerto Rico and it included choice-of-forum and choice-of-law clauses. These clauses provide:

15.1 This contract shall be interpreted in accordance with the laws of Puerto Rico.

15.2 [The parties] agree that any judicial action in connection with compliance herewith may be filed by lender in the qualified courts of Puerto Rico in San Juan, Puerto Rico or the United State District Court for the District of Puerto Rico in San Juan, Puerto Rico; *each of them hereby submits to the jurisdictions of such courts and waives any right to oppose the jurisdiction of such courts, such opposition being based on* their not having sufficient contacts with the jurisdiction of Puerto Rico as such courts cannot acquire jurisdiction over them, or on *the fact that such forum is not the ideal forum in which to file such action.*

(Emphasis added.) These provisions were subject of negotiations among the parties and their respective legal counsel, pursuant to Defendants' proposal.

In this action, Plaintiffs seek the Contract's rescission and damages, alleging Defendants' misrepresentations, deceit, fraud, duress and breach of fiduciary and good faith obligations. Defendants, however, argue that the court should dismiss the action because Spain is an adequate alternative forum and the private and public interest factors

present, in balance, strongly weigh in favor of litigating this action in Spain.

Plaintiffs counter that the Contract's choice-of-forum clause requires that this litigation take place in Puerto Rico. In addition, Plaintiffs argue that Spain is not an adequate alternative forum and, even if it were, that the private and public interest factors dictate that Puerto Rico is the most convenient forum.

## II. ANALYSIS

■ It is well settled that parties to a contract may agree to litigate in a given jurisdiction. The Supreme Court has explained: "A contractual provision specifying in advance the forum in which disputes shall be litigated and the law to be applied is, therefore, an almost indispensable precondition to achievement of the orderliness and predictability essential to any international business transaction." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 516, 94 S.Ct. 2449, 2455, 41 L.Ed.2d 270 (1974).

■ It is also well settled that courts should enforce such choice-of-forum clauses, unless a party "can clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972). Alternatively, a party must clearly show "that trial in the contractual forum will be so gravely difficult and inconvenient that [the party] will for all practical purposes be deprived of his day in court." *Id.* at 18, 92 S.Ct. at 1917.

■ Furthermore, in this seminal case, the Supreme Court rejected a *forum non conveniens* argument as not determinative when a contract contains a choice-of-forum clause. *Id.* at 6–9, 92 S.Ct. at 1911–12. Hence, when a choice-of-forum clause is applicable, *forum non conveniens* arguments should be excluded. The court must still apply the factors delineated in *Bremen. See Cambridge Nutrition A.G. v. Fotheringham*, 840 F.Supp. 299, 301 (S.D.N.Y.1994) (holding that, even when a party argues the forum's inconvenience, that party must still meet *Bremen*'s heavy burden in favor of an existing a choice-of-forum clause).

In *Medika Int'l, Inc. v. Scanlan Int'l, Inc.*, 830 F.Supp. 81, 86 (D.P.R.1993), citing the Puerto Rico case of *Unisys Puerto Rico, Inc. v. Ramallo Brothers Printing, Inc.*, 91 J.T.S. 69, 8855–56 (1991), the court stated that "Puerto Rico law has developed a presumption of the enforceability of forum-selection clauses based on federal law." In so stating, the Puerto Rico Supreme Court "has fully adopted the federal jurisprudence on forum-selection clauses and established a doctrinal approach that is in complete accord with federal law." *Caribe BMW, Inc. v. Bayerische Motoren Werke*, 821 F.Supp. 802, 817 (D.P.R.1993). Since Puerto Rico law does not depart from federal law, then, the court need not confront "the daunting question whether forum selection clauses are to be treated as substantive or procedural for *Erie* purposes." *Lambert v. Kysar*, 983 F.2d 1110, 1116 (1st Cir.1993).

In *Banco Popular de Puerto Rico v. Airborne Group PLC*, 882 F.Supp. 1212 (D.P.R. 1995), the court compared the choice-of-forum clause in that case with the one in *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991), a decision in which the Supreme Court emphatically reaffirmed *Bremen*. The court explained:

> There, even in a situation where a large company—the cruise line—relied on a forum selection clause contained in a contract of adhesion—the cruise ticket—accepted by an individual, the Court found the clause to be fundamentally fair and thus, that it could be validly enforced.... Clearly, if such a clause is enforceable where one party is a large corporation and the other merely an individual accepting a form adhesion contract, subject to no alteration, then here, where both parties are large corporate entities, where the clause in question was the subject of negotiations, and where the plaintiff, represented by counsel, chose to accept the contract, it is clearly enforceable.

*Banco Popular*, 882 F.Supp. at 1215. The mere fact that the forum may be inconvenient did not make the clause unreasonable,

especially since the possibility of inconvenience was known and contemplated at the time of executing the contract. *Id.* (citing *Lambert v. Kysar,* 983 F.2d at 1120 and *Royal Bed & Spring Co. v. Famossul Industria,* 906 F.2d 45, 49 (1st Cir.1990)). The court further held that the enforcement of the clause did not contravene important public policies, but that, on the contrary, extremely strong public policy concerns urged its enforcement. *Id.* at 1215–16 (citing *Bremen,* 407 U.S. at 9, 92 S.Ct. at 1912).

In the case at hand, Defendants never questioned the validity of the choice-of-forum clause. As a matter of fact, they barely mentioned it in their 45 page motion to dismiss. Moreover, Defendants are both banking entities organized under the laws of Puerto Rico, the same jurisdiction as their principal place of business. The Contract was negotiated, drafted, executed and performed in Puerto Rico. Previous agreements among the parties also included choice-of-forum clauses that selected Puerto Rico. Therefore, it is neither "unreasonable and unfair" nor "gravely difficult and inconvenient" for Defendants to abide by the choice-of-forum clause, negotiated and freely entered into by the parties, that selects Defendants' own home forum. Defendants have not met *Bremen*'s heavy burden.

In support of their argument that this forum is inconvenient, Defendants re-characterized Plaintiffs' claims as being truly claims against Spanish third parties. Even if they are correct, however, this line of argument addresses the merits of Plaintiffs' claims against named Defendants and is hardly relevant to this motion. It is Plaintiffs' prerogative to choose which parties to sue based on the facts which they believe can be proven and on the law which they believe will apply. Plaintiffs decided to sue named Defendants in this action under the Contract and decided to sue in this forum under the Contract's choice-of-forum clause. Thus, Plaintiffs are entitled to have this forum pass judgment on their claims.

The applicability of the choice-of-forum clause to all claims in this case excludes a *forum non conveniens* analysis. The court need not reach any determination as to Spain's adequacy as an alternative forum and as to the weighing of public and private interest factors. Still, if the Contract had not provided a choice-of-forum clause, the *forum non conveniens* standard also imposes a heavy burden upon Defendants. Unless a balance of the convenience interests of the litigants is strongly in favor of Defendants, Plaintiffs' choice of forum should rarely be disturbed. See the seminal *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947). See also *Banco Mercantil, S.A. v. Hernandez Arencibia,* 927 F.Supp. 565, 566 (D.P.R.1996), where the court stated: "Only under exceptional circumstances shall [a court] grant a defendant's motion to dismiss under the doctrine of *forum non conveniens.*"

For the reasons above stated, the court DENIES Defendants' Motion to Dismiss on Grounds of Forum Non Conveniens.

IT IS SO ORDERED.

## OPINION AND ORDER ON RECONSIDERATION

Pending before the court is Defendants' Motion for Reconsideration of Order or for Permission to Appeal. (Docket No. 41.) By Opinion and Order dated September 20, 1997, (Docket No. 40), the court denied Defendants' Motion to Dismiss on Grounds of Forum Non Conveniens, (Docket No. 13), on the basis that the contract object of this suit contained an applicable choice-of-forum clause. In their present motion, however, Defendants have brought to the court's attention that the contract's choice-of-forum clause lacks mutuality and, consequently, failed to bind Defendants. For the reasons stated below, the court entertains Defendants' present motion and, after due reconsideration, denies the request.

## I.  CHOICE-OF-FORUM CLAUSE

The court reconsiders the applicability of the contract's choice-of-forum clause in this case. As previously stated, on January 30, 1996, the parties entered into a loan and guarantee contract that included the following choice-of-forum and choice-of-law clauses:

15.1 This contract shall be interpreted in accordance with the laws of Puerto Rico. 15.2 *Borrower, Guarantors and Prieto* agree that any judicial action in connection with compliance herewith may be filed by lender in the qualified courts of Puerto Rico in San Juan, Puerto Rico or the United State District Court for the District of Puerto Rico in San Juan, Puerto Rico; each of them hereby submits to the jurisdiction of such courts and waives any right to oppose the jurisdiction of such courts, such opposition being based on their not having sufficient contacts with the jurisdiction of Puerto Rico as such courts cannot acquire jurisdiction over them, or on the fact that such forum is not the ideal forum in which to file such action.

(Emphasis added.)

In the original motion and opposition, (Docket Nos. 13 and 16), the parties did not alert the court as to the clause's lack of mutuality. The parties did not properly address the issue that the clause listed only "Borrower, Guarantors and Prieto" and not Defendants, or that, notwithstanding, the clause may or may not be binding on Defendants.

In the opposition to Defendant's present motion, Plaintiffs argued that it was reasonable to believe that, if Plaintiffs themselves were to sue the lender, instead of being sued, they were bound to do so in the lender's home forum pursuant to the same clause. However, Plaintiffs did not cite any cases relating to this issue. The court located a relevant case.

In *Karl Koch Erecting Co., Inc. v. New York Convention Center Development Corp.*, 656 F.Supp. 464 (S.D.N.Y.1987), the district court was presented with an issue regarding a choice-of-forum clause that contained the following language: "No action or proceeding shall be commenced by [Koch] against [NYCCDC] except in the Supreme Court of the State of New York." This language seemed to leave open the possibility that NYCCDC was free to commence proceedings against Koch in any forum, even though

Koch was bound to only do so in New York State court. For this reason, Koch argued that the clause was inapplicable or invalid.

In determining the clause's applicability, the court explained that "a court must construe [the clause] in light of its actual purpose, as manifested by an objective consideration of the language of the contract." *Id.* at 466 (citation omitted). Hence, the court held that Koch's removal of NYCCDC's action from a New York State court to federal court was in effect equivalent to commencing an action, in contravention with the clause's language. *Id.* As to Koch's argument that the clause was invalid due to its alleged lack of mutuality, the court found the clause to be valid, stating that "it is a reasonable interpretation of the contract that it requires both parties to sue in the New York State court". *Id.* at 468.

■ However, the facts in *Koch*—where the court applied the clause to the party bound by the clause's language—are distinguishable from the case at hand—where Plaintiffs request that the court apply the clause to the party not bound by the clause's language. Therefore, the court must consider the clear language of the clause, 31 P.R. Laws Ann. Tit. 31, § 3471, *Borschow Hosp. & Medical v. Cesar Castillo*, 96 F.3d 10 (1st Cir.1996), and finds the choice-of-forum clause inapplicable to Defendants. Defendants, simply, are not bound by the clause's language and, hence, there is no mutuality.[1] It follows, then, that the court must address the *forum non conveniens* question.

## II. *FORUM NON CONVENIENS*

Pursuant to the *forum non conveniens* analysis, the court finds that Defendants have failed to meet the standard for a dismissal. In the instant action, Plaintiffs seek the contract's rescission and damages, alleging Defendants' misrepresentations, deceit, fraud, duress and breach of fiduciary and good faith obligations. Defendants, however, argue that the court should dismiss the action because Spain is an adequate alternative

---

1. See also the doctrine of *inclusio unius est exclusio alterius*. "The inclusion of one is the exclusion of another." Black's Law Dictionary 763 (6th ed.1990). The inclusion of "Borrower, Guarantor and Prieto" excludes both Defendants.

forum and the private and public interest factors present, in balance, strongly weigh in favor of litigating this action in Spain. Plaintiffs counter that Spain is not an adequate alternative forum and, even if it were, that the private and public interest factors dictate that Puerto Rico is the most convenient forum.

The *forum non conveniens* standard imposes a heavy burden upon Defendants and, unless a balance of the convenience interests of the litigants is strongly in favor of Defendants, Plaintiffs' choice of forum should rarely be disturbed. See the seminal case of *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947). Even though the court shall only accord "some deference" to a foreign plaintiff's choice of forum, the defendant still bears the "heavy burden" of demonstrating that an adequate alternative forum exists and that said forum is sufficiently more convenient than the plaintiff's chosen forum. *Banco Mercantil, S.A. v. Hernandez Arencibia*, 927 F.Supp. 565, 566–67 (D.P.R.1996). Upon sound discretion, the court must consider and reasonably balance all relevant public and private interest factors. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981); *Nowak v. Tak How Investments, Ltd.*, 94 F.3d 708 (1st Cir.1996).

The Supreme Court has provided a list of said relevant public and private interest factors. Private interest factors include: (1) the comparative ease of the parties' access to sources of proof; (2) the availability of compulsory process; (3) the cost of securing the attendance of witnesses; and (4) all other practical problems that make the trial of a case easy, expeditious and inexpensive. *Gilbert*, 330 U.S. at 508, 67 S.Ct. at 843. Public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the interest in having the trial of a case conducted in a forum that is at home with the governing law; (4) the avoidance of unnecessary problems in conflict of laws or in the application of foreign law; and (5) the unfairness of imposing jury duty on citizens in an

unrelated forum. *Piper Aircraft*, 454 U.S. at 241, n. 6, 102 S.Ct. at 258, n. 6.

Considering said principles, the court turns to the merits. Defendants have presented convincing evidence that Spain is a potential adequate alternative forum in this case. The parties are amenable to process in Spain and would neither be deprived of adequate remedies nor be treated unfairly. *See Mercier v. Sheraton Int'l, Inc.*, 981 F.2d 1345, 1350 (1st Cir.1992). Yet, the court must still consider the private and public interest factors.

The private interest factors clearly weigh in Plaintiffs' favor. Plaintiffs' claims concern the contract that was negotiated, drafted, executed and performed in Puerto Rico, the same jurisdiction under which both Defendants are organized and where their principal place of business is located. Most documents relating to this suit, therefore, are located in Puerto Rico, as well as most witnesses. Defendants' actual and former directors, officers and employees live in Puerto Rico. Specifically, Plaintiffs named Messrs. Campos, Rubio, Faría, Aponte and Gómez as future witnesses. Any witnesses not living in Puerto Rico reside in Venezuela or in Dominican Republic, locations that are reasonably closer to Puerto Rico than to Spain and, thus, it would be less expensive and less troublesome to assure their attendance in this forum.

The only exception would be the file relating to a Spanish licensing proceeding and an expert in Spanish urban laws to interpret said proceeding. Defendants believe these are necessary for their defense. However, Defendants did not name any other witnesses and failed to address the existence of all the relevant evidence located in Puerto Rico. Defendants did raise the issue of translations as impractical, not expeditious and more expensive, but this matter is one to which the court is accustomed because it occurs frequently and, hence, does not turn the balance.

Finally, the court also considers the choice-of-forum clause included in the contract. *See Mercier*, 981 F.2d at 1358 (considering a forum selection clause as a factor in the balancing analysis); *Royal Bed and Spring*

*Co. v. Famossul Industria e Comercio de Moveis Ltda.,* 906 F.2d 45, 50 (1st Cir.1990) (same). Even though the clause may not bind Defendants, it is still a fact that Defendants wished to bind Plaintiffs, making sure that Defendants could sue them in Puerto Rico. If Defendants found this forum convenient to sue Plaintiffs, they can hardly allege that said identical forum is not a convenient one for them to be sued.

The public interest factors also clearly weigh in Plaintiffs favor. In this realm, Defendants have unsuccessfully attempted to meet their heavy burden by only arguing that Spanish law is applicable and that local interest in this suit is lacking. As stated, Plaintiffs' claims in this suit arise from the contract that chooses Puerto Rico law. Also as stated, the contract's negotiation, drafting, execution and performance took place in Puerto Rico. Therefore, the applicable law in this case is Puerto Rico law—the law where this district sits. The difficulties associated with the application of foreign law would arise only in a Spanish forum.

In addition, Puerto Rico does not lack interest in this suit. On the contrary, a contract that was negotiated, drafted, executed and performed in Puerto Rico is of great interest to said jurisdiction. Allegations of acts committed in Puerto Rico are also of great interest to said jurisdiction, specially considering that Defendants are banking institutions organized under the laws of Puerto Rico. For the same reasons, it is reasonable that these institutions' protection or liability be considered by a jury formed by members of their community.

Having weighed all these factors, the court finds that the balance overwhelmingly favors the forum which Plaintiffs chose, being far more convenient than the one suggested by Defendants. Consequently, dismissal on the grounds of *forum non conveniens* is not appropriate.

For the reasons above stated, the court denies Defendants' Motion for Reconsideration of Order and for Permission to Appeal. Further, having reconsidered, Defendants'

request for permission to appeal becomes moot.

IT IS SO ORDERED.